CRANSTON (UNITED STATES v.). See Case No. 14,889.

---

## Case No. 3,360.

### CRAPO v. ALLEN.

[1 Spr. 184.][1]

District Court, D. Massachusetts. Oct. Term, 1849.

ACTION FOR PERSONAL INJURY—SURVIVAL IN ADMIRALTY—STATE STATUTE—BREACH OF CONTRACT WITH SEAMAN.

1. Actions in the admiralty, for mere personal torts, do not survive the death of the person injured.

[Cited in American Steamboat Co. v. Chace, 16 Wall. (83 U. S.) 532; The City of Brussels, Case No. 2,745; The Epsilon, Id. 4,506; The Harrisburg, 119 U. S. 206, 7 Sup. Ct. 143. Criticised in The Charles Morgan, Id. 2,618; The Garland, 5 Fed. 926; The Manhasset, 18 Fed. 924.]

2. A state statute will not enable an administrator to maintain an action, in the district court, for such tort committed on the high seas.

[Cited in Re Long Island, etc., Transportation Co., 5 Fed. 608.]

3. Wrongfully withholding suitable medicines from a seaman, or wrongfully setting him ashore in a foreign country, are violations of the contract of hiring.

Clifford & Brigham, for libellant.
T. D. Eliot & Kasson, for respondent.

SPRAGUE, District Judge. This is a libel by the administrator of Peter Brotherson, deceased, alleging that the intestate was one of the crew of the bark Montezuma, of which the respondent was master, on a whaling voyage, and that during such voyage the respondent treated Brotherson with great cruelty, specifying several particulars, and among them, an aggravated assault and battery. The respondent has pleaded, that the causes of action set forth in the libel, do not survive

the death of Brotherson, and that the court has not jurisdiction.

The causes of action set forth are maritime, and over them the admiralty has undoubted jurisdiction. So far as they are mere torts, the right of action, by the general maritime law, dies with the person injured. Hall, Adm. Pr. 21; Dunl. Adm. Pr. 87. It is contended, that by the Revised Statutes of Massachusetts (chapter 93, § 7), actions for mere torts survive, and that the right thus created by the local law, should be enforced by the courts of the United States. I am not aware that this precise question has ever been decided. The cases urged as analogous, are those arising under the state laws, creating a lien in favor of material men, on domestic ships, which would not exist by the general maritime law. The admiralty will enforce such liens by process in rem. The Marion [Case No. 9,087]; Read v. Hull of a New Brig [Id. 11,609]; The General Smith, 4 Wheat. [17 U. S.] 442; Peyroux v. Howard, 7 Pet. [32 U. S.] 324; The Chusan [Case No. 2,717]; The Robert Fulton [Id. 11,890]; Davis v. Hull of a New Brig [Id. 3,643]. It is to be observed, that these were all cases of contract, by which not merely a new remedy, but a new right of property, a jus in re, was created, which might be enforced wherever the res should be found. The Mary Anne [Id. 9,195].

The torts set forth in this libel were committed on the high seas; the subject-matter, therefore, is within the jurisdiction of all courts of admiralty. But if a suit were commenced in the district court, sitting in a state where no local statute gave a remedy to the administrator, it could not be maintained. I cannot think, that for a transaction upon the high seas, a personal suit in admiralty may be maintained in one district of the United States, and not in others. By the admiralty rules, established by the supreme court, if a defendant cannot be found, his property, or his goods or credits, may be attached. Suppose this respondent had never come within this state, and was never, therefore, personally within the jurisdiction of this court, but resided within a district where he was liable to no action, can it be that his goods or credits, within this state, could be held, by a suit in the admiralty here? Such an incongruity is inadmissible. I think that those claims in the libel, which rest upon mere personal torts, cannot be sustained. But there are other allegations in the libel, namely, withholding suitable medicines in sickness, and putting the intestate ashore in a foreign country. These may be deemed violations of the contract of hiring, and an action therefor may be maintained by the administrator. See Chamberlain v. Chandler [Case No. 2,575]; Conkl. Adm. Pr. 329. Decree for the libellant for $75 and costs.

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]