## Case No. 4,498.

### The ENTERPRISE.

[1 Lowell, 455.] [1]

District Court, D. Massachusetts. July, 1870.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

C. G. Thomas, for petitioners.
J. Lathrop, for libellants.

LOWELL, District Judge. By the law of the flag the master has a lien for his wages, which this court will enforce by comity: The Havana [Case No. 6,226]. But by the same law the lien of the seamen of a foreign vessel is postponed to that of a libellant in a cause of damage where the owners are solvent as in this case, and the proceeds are insufficient for the payment of both: The Linda Flor, Swab. 309; The Duna, 13 Ir. Jur. 358; Abb. Shipp. (11th Ed.) 621; The Benares, 7 Notes of Cas. Supp. L. The reasons assigned for this rule are that the seamen have other available remedies for their wages, while the injured vessel has, practically speaking, only this, and that the mariners of a wrong-doing ship may be supposed to share in the fault of the vessel. The argument is the stronger in this case because the seamen have a lien on the freight which has not been proceeded against in the collision cause, and so far as the master is concerned, being an owner, he is liable to the injured vessel to make good, to the extent of the freight, pending at the time of the disaster, the deficiency which the libellants suffer of a full restitutio in integrum. I believe no admiralty court of the United States has decided the general question of the order of priority of these liens, but in the case of a British ship, sold here, it is enough to know what law the courts of Great Britain administer in similar cases to our vessels. Petition dismissed.