THE MARIA AND ELIZABETH.

(*District Court, D. New Jersey.* June 16, 1882.)

1. VESSELS—LIMITED LIABILITY OF OWNERS—DAMAGES—RES ADJUDICATA.
    In proceedings by petition brought by the owners of the vessel under the limited liability act, (Rev. St. § 4283,) where the vessel has been decreed liable for damages sustained by a collision, the question of liability is *res adjudicata,* and in no way involved, and the losing party cannot revive and retry the case upon its merits.

2. SAME—DISTRIBUTION OF FUND IN REGISTRY.
    The *pro rata* distribution of the fund, when the amounts are not sufficient to pay all claimants in full, provided for by Rev. St. § 4284, relates to a distribution among those whose losses arise from the collision, and has no reference to other liens of an inferior grade and quality upon the wrong-doer.

3. SAME—PRIORITY OF LIEN FOR DAMAGES.
    A decree for damages in a case of collision overrules all prior liens, including that for seamen's wages.

On Petition of Owners, etc.

*Flavel McGee,* for petitioners. ·

*R. P. Wortendyke,* for libellant.

NIXON, D. J. A decree was ordered in this case against the offending vessel for $2,800 damages, and costs of suit. See 11 FED. REP. 521. The claimants, contesting all liability whatever, and failing to sustain their defence on the merits, expressed the intention of availing themselves of the benefits of the limitation of liability provided by section 4283 of the Revised Statutes. A stay of proceedings was granted to allow them the opportunity. *The Benefactor,* 103 U. S. 239.

The question of fault and general liability being fixed, the owners of the Maria and Elizabeth have filed a petition for relief. They set forth that the loss and damage occurred without their privity or knowledge; that since the collision three libels had been filed against the schooner,—one by Job H. Ridgway for wages, the second by the libellant in this case for the damages sustained by a collision with the schooner Achorn, and the third by William A. Wilkinson and others for wages; that the first and third were not contested by the claimants, and decrees had been duly entered therein in favor of the libellants; that the second was contested, the respondents denying all liability, and alleging in their answer that the collision was the fault of the officers and crew of the Achorn, and was brought about solely by their negligence, unskilfulness, and bad seamanship; that the issue had been decided against the Maria and Elizabeth, and on a reference the court had ascertained the damages to be $2,800, besides the costs; and that the several decrees exceeded the value of the petitioners' vessel and the pending freight.

The petition further alleged that in the month of June, 1880, one of the petitioners, Joseph Headley, filed in this court a petition, setting forth that he was the master and principal owner of the Maria and Elizabeth; that the vessel was then in the custody of the marshal, under the three above-recited libels; that he wanted to procure the release of the vessel pending the litigation, and was not able to agree with the proctor of the libellant in this case as to her value, and asking for an appraisement; that appraisers were appointed by the court on June 3, 1880, who reported the whole value of the schooner to be, at that time, $472.83; and that thereupon a stipulation was duly put in, with approved sureties, by which the said stipulators bound themselves in the said sum of $472.83, conditioned that they should at all times, upon orders and decrees of the said court, or of any appellate court to which the said suits might be taken, upon notice

of such order or decree, pay into court the full value aforesaid, and abide by and pay the moneys awarded by any final decrees rendered by the court, or the appellant court, if an appeal intervened.

The petition further stated that the owners did not contest the claims in the two libels for wages, but denied their liability or that of their vessel for the damages occasioned by the collision with the Achorn; that they also desired to have the benefit of the limitation of liability provided by section 4283 of the Revised Statutes, and in case they should be ultimately defeated in the libel for the collision, to have the amount of their respective liability to all the libellants limited to the amount and value of the interest of each of the owners in said vessel and her freight then pending; that the value of the vessel had been ascertained to be $472.83, and the amount of her freight then pending was $69.50.

The prayer of the petition is that if it should be ultimately determined that the Maria and Elizabeth was liable for the collision, the court would make a final decree that the amount of the said stipulation for $472.83, after the payment of costs and expenses, be divided *pro rata* among the claimants, and that upon the payment thereof the said Maria and Elizabeth and the petitioners may be forever discharged from further liability, and that they may have the benefit of appeal from any decree to be made, without further or other security than that heretofore given, or that required by the limited liability act, and that the testimony taken in the various causes may be used in the hearing of the application, or any appeal that may be taken, as though originally taken in this proceeding.

The answer of the libellant substantially admits the general allegations of the petition, but denies:

(1) That the collision happened and the loss and damage occurred without the privity or knowledge of the petitioners; (2) that the petitioners have the right in these proceedings to reopen the question of the liability of the Maria and Elizabeth for damages; and (3) that the court has the power to adjudge that the appraised value of the vessel should be distributed *pro rata* among the several libellants.

I think he is wrong in the first contention, and right in the second and third.

1. The first depends upon the construction of section 4283 of the Revised Statutes. That section, in its applicability to the present case, enacts that "the liability of the owner of any vessel for * * * any loss, damage, or injury by collision, * * * incurred without the privity or knowledge of such owner or owners, shall in no

case exceed the amount or value of the interest of the owner in such vessel and her freight then pending." The act is intended to encourage commerce, and ownership in its instrumentalities. Its benefits can be invoked only by such owners as have no "privity or knowledge" of the collision from which the loss or damage arises. The circumstances under which the accident occurred in this case are stated in the petition and admitted in the answer. The master was part owner, and on the night of the collision was on board, and was taking his full share in the navigation of the vessel. He had served out his watch at midnight, when the mate and two others of the crew took charge, and had gone to his berth, and was asleep at about 1 o'clock in the morning, when the two schooners collided. The wind was light, the night clear, and there was nothing in the situation that called for any special vigilance. Under these circumstances, to affirm that he had privity or knowledge of the collision would be giving such a narrow construction of the provisions of the law as to deprive all vessel-owners of the privileges of the act in cases where the master happens to have any interest, however small, in the vessel.

2. The question of the liability of the Maria and Elizabeth is *res adjudicata*, and is in no way involved in the application of the owners for the benefit of the limited liability act. It would be quite an anomalous proceeding, after a libel, answer, proofs, and adjudication by the judge, to allow the losing party to revive and retry the case upon its merits, on a petition allowed in the interest of vessel-owners for a very different purpose.

3. The *pro rata* distribution of the fund, when the amount is not sufficient to pay all claimants in full, provided for by section 4284 of the Revised Statutes, relates to a distribution among those whose losses arise from the collision, and has no reference to other liens of an inferior grade and quality upon the wrong-doing vessel. A decree for damages on a cause of collision overrides all prior liens. There has been a struggle to except the wages of seamen, which are always looked upon with favor in the admiralty courts, but it has not been successful.

In the *Linda Flor*, Swabey, Adm. 309, Dr. Lushington held that the claim of a party having obtained a decree in a cause of damage is prior to that of a seaman for wages, assigning as a reason that the seamen are not shut up to their libel *in rem*, but may also maintain an action *in personam*, which cannot be done by one suffering damage from a foreign vessel. He was followed by Judge Lowell in

the case of The Enterprise, 1 Low. 455, partly because the vessel complained against was a British vessel, and hence subject to the English law, which postpones the lien of the seamen's wages to that of a libellant in a cause of damage, and partly upon the ground that seamen have other available remedies for their wages, and because mariners of the wrong-doing ship may be supposed to share in the fault of the vessel.

And the law is thus stated by the supreme court in Norwich Co. v. Wright, 13 Wall. 122, where Mr. Justice Bradley, speaking for the whole court, says: "Liens for reparation for wrong done are superior to any prior liens for money borrowed, wages, pilotage," etc.

But, without dwelling longer over the case, I am of the opinion that a decree should be entered against the claimants for the value of the vessel, $472.83, and for the amount of pending freight, $69.50, making the aggregate $542.33; and that the libellant Thatcher is entitled to the same as against the claims of the other libellants for wages; and that when this sum is paid into court the owners of the Maria and Elizabeth should be discharged from all further liability on account of the collision.

This view renders the motion of the proctor of the libellant to amend the pleadings so as to make the case a proceeding in personam as well as in rem unnecessary and futile, as he can have no further claim against the owners for the damage and loss sustained.

See The Maria and Elizabeth, 11 FED. REP. 520, and note, 525.