## THE SAGINAW.

(District Court, S. D. New York. May 19, 1899.)

COLLISION—MEASURE OF DAMAGES—DEMURRAGE.

    The owners of a vessel injured in a collision during a voyage are not entitled to recover demurrage for the time the vessel was delayed for making repairs, where they suffered no actual pecuniary loss from the delay.

In Admiralty. Libel against the steamship Saginaw to recover damages for collision. On exceptions to referee's report.

Wheeler & Cortis, for the Persia.

Robinson, Biddle & Ward, for the Saginaw.

BROWN, District Judge. From the evidence and the finding of the referee, I understand that there was no actual pecuniary loss sustained by the owners through any loss of the use of the Persia during the short time she was laid up while repairing her damages from the collision, except two items of expense, namely $170 for night work in expediting her unloading after the collision, and $39.29, the cost of board for passengers during a delay of 1 day and 16 hours beyond the scheduled time of sailing, making together the sum of $209.29. The referee has allowed, however, to her owners the sum of $2,026.66 for the value of the use of the Persia for 3⅙ days, the period occupied in making repairs, upon the authority of Randall v. Sprague, 21 C. C. A. 334, 74 Fed. 249, 250. That case, however,

was a case of charter, and of unreasonable delay in loading, during which time it was found that the charterers "had the substantial use of the vessel, for which they should therefore pay."

I do not think that the decision in that case should be extended to a case of collision, where the defendants on the one hand have had no use of the vessel, and where the libelants on the other hand, as found by the referee, have not sustained any actual pecuniary loss, except in the extra expense above stated, the vessel having performed her regular and appointed voyage without other loss and arrived at Hamburg in ample time for her scheduled return seven days later. The allowance of these extra expenses, upon the facts found, will fully satisfy, I think, the rule of restitutio in integrum, which is the established limit of damages in collision cases. Williamson v. Barrett, 13 How. 101. In the recent case of The Conqueror, 166 U. S. 110, 127, 17 Sup. Ct. 510, the supreme court in commenting on this rule observed:

"The damages must not be merely speculative, and something else must be shown than the simple fact that the vessel was laid up for repairs. Thus, if a vessel employed upon the Lakes should receive damages by collision, occurring just before the close of navigation, and she were repaired during the winter, no demurrage could be allowed, since no vessel upon the Lakes can earn freight during the winter. * * * It is not the mere fact that a vessel is detained that entitles the owner to demurrage. There must be a pecuniary loss, or at least, a reasonable certainty of pecuniary loss." Page 133, 166 U. S., and page 517, 17 Sup. Ct.

The case of The Emerald [1896] Prob. Div. 192, is also there cited with approval, as well as the older case of The Clarence, 3 W. Rob. 283, in which the court say:

"In order to entitle a party to be indemnified for what is termed in this court a consequential loss, being for the detention of his vessel, two things are absolutely necessary—actual loss, and reasonable proof of the amount. Both must be proved * * *. It does not follow as a matter of necessity that anything is due for the detention of a vessel whilst under repair"; there would be, "where the vessel would have been beneficially employed";

and demurrage was there disallowed, because it did not appear how much the owner had "actually lost by her detention whilst under repair," or that the owner had sustained "one single shilling of direct and actual loss." In other words, restitution means indemnity for actual pecuniary loss, and nothing more.

The subject was discussed at length in the case of The Mayflower, Brown, Adm. 376, Fed. Cas. No. 9,345, where the same conclusion was arrived at, that there must be proof of actual loss on account of the detention (page 384, Brown, Adm.), or "reasonable certainty that the vessel would have been actually employed by the owner during such detention, and that she would have actually earned the owner something over and above her expenses." See, also, The Potomac, 105 U. S. 630, 632; Steamboat Co. v. Mayor, etc., 36 Fed. 716.

The practice in this district has been not to admit claims for the vessel's time while making repairs, if it occasioned no loss of her regular trips, or other expense.

In the present case, as the proofs show that there was no actual loss by detention, except the sum of $209.29, that amount may be substituted in place of the demurrage allowed in the report.