## FISK v. CITY OF NEW YORK.

(District Court, S. D. New York.    December 3, 1902.)

1. COLLISION—DAMAGES RECOVERABLE—DEMURRAGE ON PLEASURE YACHT.
    Demurrage is not recoverable for the time required to make repairs on a pleasure yacht, made necessary by a collision, where no actual pecuniary loss is shown; but the amount expended for wages and provisions for the crew is allowable, where their presence was necessary to care for the vessel.

In Admiralty.    Suit for collision.

John F. Foley, for libellant.
John Whalen, for the City of New York.

ADAMS, District Judge.    This is an action to recover damages caused to the libellant's yacht Admiral, by collision with the City's steamer Thomas S. Brennan, which occurred on the 28th of September, 1900, while the yacht was lying at anchor in the East River, within the anchorage grounds.    No defence is interposed with respect to the libellant's right of recovery except as to the amount of damages.    Disbursements in consequence of the collision, covering repairs and surveyor's fee, amounting to $1108.58, are admitted by the City, but a claim of demurrage for sixteen days at $100 per day, while the yacht was being repaired, is disputed.

No testimony has been taken to show that the owner suffered any loss of profits in a commercial sense from the accident, which it would be necessary to establish in order to recover demurrage on the yacht—The Conqueror, 166 U. S. 110, 133, 17 Sup. Ct. 510, 41 L. Ed. 937; The Saginaw (D. C.) 95 Fed. 703.    Testimony was taken, however, showing that the libellant had expended $572.13 in wages and food for the men employed on the yacht during the period of repairs, and a motion was made on the trial that the pleadings should be conformed to the proof in this particular.    The decision in The Conqueror did not exclude expenses incurred during the detention, but approved an allowance for wages and provisions of the crew on board, which had been made upon testimony to the effect that it was necessary to have the men there to keep the vessel safely during the time.    There is nothing here which directly shows that the men were necessary for the safe keeping of the vessel, but if any such expenses were incurred, I think the libellant should have an opportunity to establish them.    A reference may be had upon this point, which will be at the libellant's expense unless he succeeds in establishing some right of recovery beyond the admitted amount.

Decree for libellant.