## THE TICELINE.

## THE TRANSFER NO. 12.

### (District Court, S. D. New York. September 24, 1913.)

1. SEAMEN (§ 29*)—PERSONAL INJURIES—LIABILITY OF VESSEL.

   Neither the vessel nor owner is liable to a seaman for personal injuries sustained in the service, but he may recover for the expense of his cure and maintenance while disabled.

   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

.2. ADMIRALTY (§ 51*)—DEATH OF DAMAGE CLAIMANT—PROCEEDINGS FOR LIMITATION OF LIABILITY.

   A claim in rem for a tort filed against a vessel in admiralty proceedings by the owner for limitation of liability does not abate by the death of the claimant.

   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 430–432; Dec. Dig. § 51.*]

In Admiralty. Proceeding by the owners of the steam tugs Ticeline and Transfer No. 12, for limitation of liability. On exceptions to report of commissioner. Sustained in part.

Black, Varian, Bigelow & Somers, of New York City (Warren Bigelow, of New York City, of counsel), for administratrix of James Lavin.

Carpenter & Park, of New York City, for owners of the Ticeline.

Charles M. Sheafe, Jr., of New York City (James T. Kilbreth, of New York City, of counsel), for owner of the Transfer No. 12.

Burlingham, Montgomery & Beecher, of New York City (Chauncey I. Clark and Nathan F. George, both of New York City, of counsel), for administrator of John O'Donnell.

HOLT, District Judge. This matter arises upon exceptions to the report of a commissioner appointed to take proof as to the amount, validity, and priority of all claims, to which objections and defenses had been filed in proceedings for the limitation of the liability of· the owners of the steamtugs Ticeline, formerly called the R. B. Little, and the Transfer No. 12. These proceedings were tried together, and grew out of a collision between the Transfer No. 12, having in tow Carfloat 48, and the R. B. Little, having in tow the Carrie Heffner. By this collision the R. B. Little was sunk, the Carrie Heffner and the Carfloat 48 were each injured, John O'Donnell was killed, James Lavin was injured, and the crew of the Little lost their personal effects. On the trial it was held that both tugs were in fault for the collision, and the owners of each were entitled to a limitation of liability.

I concur with all the conclusions in the able report of Mr. Goodrich, the commissioner, except those in respect to the claim of the administratrix of James Lavin, which the commissioner rejected. The question arising on his claim is novel. My first impression was that the commissioner's view was correct; but, on full consideration, I think

the claim should be allowed. Lavin was a fireman on the tug Little. He was asleep in his bunk at the time of the collision and received severe injuries. He filed a libel in rem against each tug and a libel in personam against the owners of each tug. Each of these suits was stayed by the proceedings brought by the owners of each tug for limitation of liability. On the trial Lavin was present in court. His counsel asked leave to call him and prove the amount of his damages. It was conceded on the record that he was employed as a fireman on the Little, was asleep in his bunk, and was injured by the collision. Objection was made to taking proof of his damages at that time, and the court declined to take proof and ordered a general reference on damages. Thereafter, and before any proof on his claim could be taken before the commissioner, Lavin died. The objection is made that his claim abated by his death, and the commissioner so held.

[1] The maxim of the common law that a personal action dies wth the person, which seems to be based on a kind of judicial pun, is ancient and well established. But it is inherently an unjust rule, which, in my opinion, ought long since to have been abolished by the Legislature. In this case, if it applies, its operation will be peculiarly harsh. Lavin's right to recover was entirely established by the facts conceded on the trial. The only question remaining was the amount of his damages. But as there had been no evidence given sufficient to determine that amount, and no actual determination was made, I have no doubt that, if the common-law rule governs, his administratrix cannot recover. There must have been a verdict, or a decision, or at least a submission of the case to a court on complete evidence, to authorize a judgment in a personal action after the death of a party. But these proceedings are proceedings in rem in admiralty. Lavin's claim against the Little or Ticeline arises on contract, and therefore, under the old admiralty rule, he cannot recover damages for injuries, but can recover for the expense of his cure and maintenance while ill. The Osceola, 189 U. S. 159, 23 Sup. Ct. 483, 47 L. Ed. 760; Brown v. Overton, 1 Spr. 462, Fed. Cas. No. 2,024; The City of Alexandria (D. C.) 17 Fed. 390. The commissioner so held, and I concur with that conclusion as to the claim against the Ticeline.

[2] Lavin's claim against the Transfer No. 12 arises in tort. In such cases, there are some statements in opinions and text-books to the effect that the rule in admiralty is the same as at common law and that the cause of action for personal injuries abates by death. Crapo v. Allen, 1 Spr. 184, Fed. Cas. No. 3,360; The City of Belfast (D. C.) 135 Fed. 208; Benedict's Admiralty, § 309. But there are other cases which seem to me are better authority, in which it is held that suits in rem in admiralty do not abate by the death of the party. Penhallow v. Doane, 3 Dall. 54, 1 L. Ed. 507; Munks v. Jackson, 66 Fed. 574, 13 C. C. A. 641; The James A. Wright, Fed. Cas. No. 7,191. These are cases where a claimant died, and it may be urged that they do not apply to the case of the death of a libelant. But it is not apparent why any such distinction should be made. At common law, the death either of the plaintiff or defendant abated a personal action. But in a suit in rem the thing proceeded against cannot die. Such a suit is based

on the idea of the enforcement of an existing lien. How can the death of the libelant in an admiralty suit in rem divest the lien? If the lien is valid, why does it not descend to his legal representatives, like his other property and choses in action? Suppose a person who had negligently caused personal injuries to another had admitted his liability and given a mortgage to secure it; would the death of either party prevent the enforcement of the mortgage? But in any event, in this case, Lavin, at the time of his-death, was no longer an actor. His suits had been stayed. If no proceedings to limit liability had been taken, his death would have raised the question squarely whether his suits would be abated. But the proceedings for the limitation of liability turned Lavin from an actor into a claimant. Such proceedings are proceedings in rem in admiralty, and I do not see why the authorities above cited do not apply to such a case. In proceedings to limit liability, the full value of the res is surrendered without regard to the liens (The Maria & Elizabeth [D. C.] 12 Fed. 627; The Catskill [D. C.] 95 Fed. 700; The St. Johns [D. C.] 101 Fed. 469), and every admissible claim is made a statutory lien on the fund (The Catskill [D. C.] 95 Fed. 703).

The commissioner, although holding that the claim of Lavin abated, very properly reported on the amount of damage suffered by Lavin, so that, in case the court should conclude that he was entitled to recover, no further reference would be necessary. The amount so reported was $750, and it is directed that a claim for that amount be allowed in favor of his administratrix against the Transfer No. 12. In all other respects the exceptions filed are overruled and the commissioner's report confirmed.