## George P. McCabe, Appellee, v. Chicago and Northwestern Railway Company, Appellant.

### Gen. No. 24,555.

1. CARRIERS, § 96*—*when damages recoverable for delay in delivery of automobile.* Damages for delay in the delivery of an automobile shipped over defendant's railroad were properly awarded, although the automobile was used for pleasure only, and there was no evidence of pecuniary loss.

2. CARRIERS, § 96*—*when notice of intended use of automobile not necessary to recovery of damages for delay in delivery.* No notice of the use for which a car shipped over a railroad was intended was required, where the owner sought no special damages for the delay.

3. CARRIERS, § 110*—*when rental value is measure of damages for delay in delivery of automobile.* Rental value was properly allowed as the measure of damages for delay in shipping an automobile which was intended to be used for pleasure, although the evidence disclosed that plaintiff did not hire any other automobile except an occasional taxicab.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed October 15, 1919.

CHARLES A. VILAS and IRA C. BELDEN, for appellant; WILLIAM G. WHEELER, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ivor Jeffreys, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

George P. McCabe brought suit against the Chicago and Northwestern Railway Company to recover damages for delay in the delivery of an automobile shipped by him from Ogden, Utah, to Chicago. There was a finding and judgment in plaintiff's favor for the amount he claimed, $160, to reverse which the defendant prosecutes this appeal.

The material facts are these: the plaintiff shipped his automobile, which he used for pleasure only, from Utah to Chicago. Through the negligence of the defendant there was a delay of 16 days in the delivery of the car to him in Chicago.

The automobile was used by the plaintiff in going to and from his home to his office in Chicago about three times a week, and at other times was used by himself and the members of his family for purposes of pleasure driving. It was not used in connection with any business. During the period of the 16 days, the plaintiff did not hire any other automobile except an occasional taxicab. Prior to the time of shipment the plaintiff did not notify the defendant of the use which he intended to make of the automobile. It further appeared from the evidence "that the fair and reasonable rental value of said automobile at Chicago during said period of 16 days was the sum of $10 per day."

The defendant contends that since there was no actual pecuniary loss sustained by the plaintiff, he cannot recover more than nominal damages; that the recovery allowed by the court is substantial and unwarranted, since the plaintiff did not notify the defendant of the purposes for which he intended to use the car. It is further contended that in no event can the plaintiff recover the reasonable rental value of the

automobile as was done for the reason that this is not the correct measure of damages.

It is argued there is no evidence that the plaintiff suffered any pecuniary loss by reason of the default of the defendant in its failure to deliver to him the automobile; that no authority can be found in which substantial damages have been allowed as distinguished from nominal damages in the case of an article intended for pleasure only, unless there is proof of actual pecuniary loss. In support of this the cases of *The Conqueror,* 166 U. S. 110; *The A. A. Raven,* 222 Fed. 958; *Fisk v. City of New York,* 119 Fed. 256; *Bondy v. New York City Ry. Co.,* 56 N. Y. Misc. 602; and *Foley v. Forty-Second St., M. & St. N. Ave. Ry. Co.,* 52 N. Y. Misc. 183, are cited.

The case of *The Conqueror* was a libel by Frederick W. Vanderbilt to recover possession of his private yacht used for pleasure purposes only, which was wrongfully detained by the Collector of Customs for the District of New York, who acted on the advice of the United States Attorney General. Vanderbilt claimed $100 per day as his damages for the loss of the use of the boat, aggregating $15,000. It was there held that demurrage for the wrongful detention of the yacht could only be allowed when the profits of the boat could be proved with reasonable certainty. The daily rental value of the yacht was allowed, but the court says that the evidence on which this was based was unreliable, and intimates that some allowance might have been made for the wrongful detention if there had been sufficient evidence that the owner desired to use the vessel during the period for which it was detained. *The Raven* and *Fisk* cases followed the rule announced in the case of *The Conqueror.* All three were admiralty cases. The cases of *Foley* and *Bondy* are in point. In the *Foley* case it was held, in an action to recover damages for injuries to an auto-

mobile, that an allowance for the loss of the use of the automobile while it was being repaired could not be made as the car had been used for pleasure and not for business purposes, and no other car had been hired in place of the damaged one. This conclusion was based on the ground that the damages were speculative. The opinion is but a few lines long and no authorities are cited. This case was followed in the *Bondy* case. While these cases hold that substantial damages cannot be allowed for the wrongful detention of an automobile on the ground that the damages are speculative and cannot with sufficient certainty be ascertained, yet we think that where an automobile used for pleasure purposes is wrongfully detained, the common sense of the situation is that the party at fault is liable even though the damages are not capable of exact admeasurement, for such damages may be as readily ascertained as those growing out of a personal injury case. In the instant case the plaintiff was entitled to the use, enjoyment, possession and right to dispose of his car. The defendant admittedly, wrongfully deprived him of these rights. In these circumstances, no valid reason can be assigned why the plaintiff should not be compensated for such deprivation. Compensation is the cardinal rule for the measurement of such damages, and to say that such compensation can be allowed for the wrongful detention of an automobile devoted to business, but to deny compensation where it is devoted to pleasure, is an attempt to make a distinction where there is no difference in principle. The plaintiff's right of use, enjoyment, possession and disposition of the machine is not limited by the use which he made of it, and, therefore, under the admitted facts in evidence, he was entitled to recover whatever damages he had sustained. This proposition is held in *Cook v. Packard Motor Car Co.*, 88 Conn. 590; *Perkins v. Brown*, 132 Tenn. 294; Berry on Automobiles (2nd

Ed.), sec. 551; *The Mediana*, L. R. [1900] App. Cas. 113; *The Greta Holme*, L. R. [1897] App. Cas. 596; 1 Sedgwick on Damages (9th Ed.), secs. 243a, 243b, and 3 Hutchinson on Carriers, sec. 1373.

The *Cook* case was an action to recover damages to plaintiff's automobile caused by defendant's negligence, resulting in the loss of the use of the car for several weeks. Upon motion of defendant, the court directed a verdict in favor of the plaintiff for $1. This judgment was reversed on appeal. The court there said (p. 592): "It was conceded at the trial that the defendant had already repaired the injured car at its own expense, and the main issue * * * was whether the plaintiff was entitled to recover for the loss of the use and possession of the car while it was being repaired at the defendant's cost." Continuing, the court said the question to be decided was (p. 593): "whether the right to recover substantial damages for being deprived of the use and possession of a chattel, as the result of a tortious injury to the chattel itself, depends on the character of the use which the owner intended to make of it, during the period of the detention. We fail to see why the character of the intended use should determine the right to a recovery, although it will, of course, affect the amount of recoverable damages. * * * An automobile owner, who expects to use his car for pleasure only, has the same legal right to its continued use and possession as an owner who expects to rent his car for profit; and the legal basis for a substantial recovery, in case of a deprivation of the use of the car, is the same in one case as in the other. Such an invasion of property right calls for an award of substantial, as distinguished from nominal, damages, and the only difficulty in applying the rule of compensatory damages to cases of this character is the very practical difficulty of estimating the actual damages in money. But the law does not deny substantial damages to one

104    APPELLATE COURTS OF ILLINOIS.

McCabe v. Chicago and Northwestern Ry. Co., 215 Ill. App. 99.

who has suffered a substantial injury, solely on the ground that the injury has not produced, or will not produce, a pecuniary loss.''

In the *Perkins* case, the plaintiff's automobile was injured in a collision due to defendant's negligence. The question for determination was whether the plaintiff was entitled to damages consequent upon the detention, in the shop, of the automobile for repairs. The car was used for pleasure only. During the time it was being repaired the plaintiff paid nothing for the hire of another machine. The court held the plaintiff was entitled to recover substantial damages as distinguished from nominal damages, and said (p. 297): ''As pointed out by Mr. Sedgwick (section 243a), the value of the use of personal property is not the mere value of its intended use, but of its present potential use, whether availed of or not by its owner. His right of user, whether for business or pleasure, is absolute, and whoever injures him in the exercise of that right cannot complain when held to respond on that basis.''

In *The Mediana* case it was held that the Board of Trustees of Mersey Docks and Harbors was entitled to substantial damages for the loss of the service of a damaged lightship during the time its place was taken by a substituted lightship, although nothing was paid for the hire of the substituted lightship. In that case the Lord Chancellor said (p. 117): ''And my Lords, here I wish, with reference to what has been suggested at the bar, to remark upon the difference between damages and nominal damages. 'Nominal damages' is a technical phrase which means that you have negatived anything like real damages, but that you are affirming by your nominal damages that there is an infraction of a legal right which, though it gives you no right to any real damages at all, yet gives you a right to the verdict or judgment because your legal right has been infringed. But the term 'nominal damages' does not mean small damages. The extent to

which a person has a right to recover what is called by the compendious phrase damages, but may be also represented as compensation for the use of something that belongs to him, depends upon a variety of circumstances, and it certainly does not in the smallest degree suggest that because they are small they are necessarily nominal damages. Of course the whole region of inquiry into damages is one of extreme difficulty. You very often cannot even lay down any principle upon which you can give damages; nevertheless it is remitted to the jury, or those who stand in the place of the jury, to consider what compensation in money shall be given for what is a wrongful act. * * * Now in the particular case before us, apart from a circumstance which I will refer to immediately, the broad proposition seems to me to be that by a wrongful act of the defendants the plaintiffs were deprived of their vessel. When I say deprived of their vessel, I will not use the phrase, 'the use of their vessel.' What right has a wrongdoer to consider what use you are to make of your vessel? More than one case has been put to illustrate this, for example, the owner of a horse or a chair. Supposing a person took away a chair out of my room and kept it for 12 months, could anybody say you had a right to diminish the damages by showing that I did not usually sit in that chair, or that there were plenty of other chairs in the room? The proposition so nakedly stated appears to me to be absurd; but a jury have very often a very difficult task to perform in ascertaining what should be the amount of damages of that sort. I know very well that as a matter of common sense what an arbitrator or a jury very often do is to take a perfectly artificial hypothesis and say, 'Well if you wanted to hire a chair, what would you have to give for it for the period'; and in that way they come to a rough sort of conclusion as to what damages ought to be paid for the unjust and unlawful with-

drawal of it from the owner. Here, as I say, the broad principle seems to me to be quite independent of the particular use the plaintiffs were going to make of the thing that was taken, except—and this I think has been the fallacy running through the arguments at the bar—when you are endeavoring to establish the specific loss of profit, or of something that you would otherwise have got which the law recognizes as special damage. In that case you must show it by precise evidence. * * *

"But when we are speaking of general damages, no such principle applies at all, and the jury might give whatever they thought would be proper equivalent for the unlawful withdrawal of the subject-matter then in question."

Under these authorities we think it clear that the plaintiff was entitled to recover for the wrongful detention of his car and this, too, even though he sustained no pecuniary loss.

We also think that no notice was required to be given the defendant of the use for which the car was intended, as no special damages were sought in this case.

It is also argued that in no event was the plaintiff entitled to recover the reasonable rental value of the car for the time it was wrongfully detained. There is a statement to this effect in the *Cook* case, where the court held the rental value would not be the proper measure of damages, "for such rental value includes a substantial allowance for depreciation and repair to which the plaintiff's car has not in the meantime been subjected." In the instant case the defendant also argues that the evidence shows the car was used but a few hours per day, while the plaintiff was allowed damages for a full day. Whether the rental value is the correct rule on which to predicate damages in all cases we do not decide, but in the instant case, for aught that appears from the evidence, the

court found the rental value of the car to be $10 per day, having in mind the particular use to which it had been put by the plaintiff.

There is no evidence that the reason the court allowed $10 per day was based on the number of hours it had been used, unless we assume that he considered the use to which it had theretofore been put. We think the Lord Chancellor in *The Mediana* case put it very well when he said, as above quoted, ''Well, if you wanted to hire a chair, what would you have to give for it for the period.''

To the same effect is the holding of the Supreme Court of this State in the case of *Priestly v. Northern Indiana & C. R. Co.*, 26 Ill. 206, where the rental value of machinery was allowed for the negligent delay in transportation.

Under these authorities and the facts in this case, we are of the opinion that the rental value was properly allowed.

It is next argued that the stipulation in the bill of lading regarding the measure of damages is controlling but was disregarded on the trial. In the case of *Fox v. Chicago & N. W. Ry. Co.*, 199 Ill. App. 453, we had occasion to consider, very carefully, a similar stipulation in the bill of lading, and we there held that this stipulation fixed the maximum amount of damages that could be recovered. No evidence was offered as to the value of the automobile and there was no claim that it had in any way been damaged. We think the stipulation in the bill of lading was unimportant. The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*