## AMOTH v. UNITED STATES et al.

(District Court, D. Oregon. January 19, 1925.)

No. A–9329.

**1. Admiralty ⬡⟳51—When libels in personam and in rem abate by death of libelant stated.**

A suit in personam abates on the death of libelant before judgment or decree, unless interdicted by a survival statute of the state; but, if the libel is in rem, it does not abate because of the lien on the vessel.

**2. Death ⬡⟳10—Suit held to abate on death of libelant.**

Or. L. § 380, providing for survival where the death of a person is caused by the wrongful act or omission by another, does not apply to an action in personam, for personal injury, where the death of the injured person resulted from a wholly unrelated cause.

In Admiralty. Suit by Ralph Amoth against the United States and the Portland Stevedoring Company. On motion of respondents for abatement of the suit. Granted.

Wm. P. Lord, of Portland, Or., for libelant.

Wood, Montague & Matthiessen and Gunther F. Krause, all of Portland, Or., for the United States.

F. C. McDougal, of Portland, Or., for respondent Portland Stevedoring Co.

WOLVERTON, District Judge. Since the case was submitted to the court on the evidence, a trial having been had, and before rendition by the court of judgment or decree upon the merits, the libelant has died, having been killed in an automobile accident. The libel is in personam, not in rem. Based upon these premises, respondents have interposed a motion for abatement of the action. The question is: Did the action abate by the death of libelant?

[1] The rule seems to be that the cause, where the libel is in personam, abates by the death of the libelant before judgment or decree, unless it is interdicted by a survival statute of the state; whereas, if the libel is in rem, it does not abate, by reason of the lien which the law imposes on the vessel. Crapo v. Allen, No. 3360, 6 Fed. Cas. 763; The City of Belfast (D. C.) 135 F. 208; The Ticeline (D. C.) 208 F. 670; Id., 221 F. 409, 137 C. C. A. 207; The Student (D. C.) 238 F. 936; The Lafayette, 269 F. 917; Hultgren v. Shaver Transportation Co. (unreported), decided in this court without opinion.

[2] Under the provisions of the statutes of Oregon, a cause of action arising out of an injury to the person dies with the person of either party, except as provided in sections 378–380, Oregon Laws. Section 380 provides for survival, where the death of a person is caused by the wrongful act or omission of another. The present is not such a case. The wrongful act complained of was not the cause of libelant's death. Indeed, he had in large measure recovered from the injuries of which complaint was made. His death was subsequently caused through an entirely different source, unrelated to matters and things complained of. By section 39, Oregon Laws, it is further enacted that:

"An action for a wrong shall not abate by the death of any party, after a verdict has been given therein, but the action shall proceed thereafter in the same manner as in cases where the cause of action survives."

Thus, by legislative interpretation, it is assumed that, by the previous law, the action did abate by the death of the party injured. I come the more readily to this decision because of the fact that, prior to the time the death of libelant was announced, the court had come to the conclusion that libelant was not entitled to recover, and had the opinion practically prepared.

The motion to abate the action herein will be sustained.

So ordered.