## CLYDE S. S. CO. v. CITY OF NEW YORK.

Circuit Court of Appeals, Second Circuit.
June 6, 1927.

No. 330.

1. Collision ⬤⟞134—Collision damages are not abated because owner has other repairs made while collision repairs are being made.

If owner of vessel damaged in collision puts vessel in dry dock to repair damages caused by collision, and while she is there has other repairs made, which do not extend time consumed in making collision repairs, tortfeasor may not abate his damages.

2. Collision ⬤⟞136—Vessel owner held not entitled to detention damages, where collision repairs were made during period when vessel in any event would have been overhauled.

Where owner of vessel damaged in collision put vessel in dry dock to repair collision damages at a time when vessel in any event would have been given annual overhauling, and which did not delay ordinary interior repairing, collision deprived owner of no profits, and owner was not entitled to damages for detention during collision repairs.

Appeal from the District Court of the United States for the Southern District of New York.

Libel in personam by the Clyde Steamship Company against the City of New York for damages arising from collision between libelant's ship Arapahoe and respondent's ferryboat Brooklyn. From a final decree for libelant, disallowing part of libelant's claim, libelant appeals. Affirmed.

Appeal from a final decree of the District Court for the Southern District of New York upon a libel in personam for damages arising from a collision between the libelant's ship, Arapahoe, and the respondent's ferry, Brooklyn. The District Court granted an interlocutory decree holding the ferry solely at fault and the respondent liable for full damages. Before the commissioner appointed to compute the damages, the question arose of the respondent's liability for the detention of the Arapahoe during her repairs. This item the commissioner disallowed and the District Court affirmed his report. Thereupon the libelant appealed, raising only this question.

The collision took place on December 9, 1919, but as the Arapahoe's injuries were not severe enough to require her immediate repair, she continued to go about her business. It was her custom to lie off during the summer season for an annual overhauling, in accordance with which she was taken to a shipyard on July 19, 1920, for certain interior repairs, which consumed 30 days. While these were going on, her owner put her in dry dock, and in 10 days repaired the injuries suffered in the collision. This did not interfere with or delay the interior repairs, which went on meanwhile. The overhauling was not necessary for her certificate and could have been put off, but would in fact have been done at that season, regardless of the collision. The question is solely of damages for detention during the 10 days that the Arapahoe was in dry dock because of the collision damage.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and Roy H. Caldwell, both of New York City, of counsel), for appellant.

George P. Nicholson, Corp. Counsel, of New York City, Charles J. Carroll, of Brooklyn, N. Y., and John T. Condon, of New York City, for appellee.

Before MANTON and L. HAND, Circuit Judges, and CAMPBELL, District Judge.

L. HAND, Circuit Judge (after stating the facts as above). [1] If the owner of a damaged vessel puts her in dry dock to repair damages done by a collision, and while she is there seizes the opportunity to make other repairs, which do not extend the time consumed in the collision repairs, the tortfeasor may not abate his damages. Hines v. Sangstad, 266 F. 502 (C. C. A. 1); Simpson's, etc., Co. v. Atlantic, etc., Co., 108 F. 425 (C. C. A. 1); The Acanthus, L. R. [1902] Prob. Div. 17. In such a case the tort-feasor cannot truly say that the detention and therefore the loss would have been less, had the owner deferred his own repairs. The ship by hypothesis had in any event to be taken out of commission, and must have lost her earnings during all the period she was laid off. It is that loss and that alone which is the basis of detention damage. The Conqueror, 166 U. S. 110, 17 S. Ct. 510, 41 L. Ed. 937; The Winfield S. Cahill, 258 F. 318 (C. C. A. 2); The Saginaw (D. C.) 95 F. 703. It must be treated as a matter of indifference to the tort-feasor that the owner gets an incidental benefit from the detention. He has as much lost the use of his vessel as though he did not make his own repairs, and he is not under any duty to share his windfall with the tort-feasor.

[2] But if the ship would in any event go out of commission, collision or no collision, and if therefore, during the period when the collision repairs are actually made, she would have earned no profits for her owner, he cannot be said to have been damaged. The collision has not deprived him of earnings which he would have made at that season. This we understand to be the doctrine of the House of

Lords in Ruabon S. S. Co. v. London Assurance Co., L. R. [1900] App. Cas. 6, though the circumstances were quite different. The Court of Appeal applied it to the case of successive tort-feasors. The Haversham Grange, L. R. [1905] Prov. Div. 307, an extremer decision, the correctness of which we need not consider. See, also, The Chekiang, 21 Lloyd's List° Reports, 179; The Suruga, 14 Lloyd's List Rep. 579.

While, so far as appears, the point has never come up in this country, it seems to us very plain in principle that the District Court was right.

Decree affirmed.