**Virginia L. HOLLAND, Administratrix of the Estate of William Holland**

v.

**STEAG, Inc.**

**Civ. A. No. 56–19.**

United States District Court
D. Massachusetts.

June 26, 1956.

204

Harry Kisloff, Boston, Mass., for plaintiff.

Herbert C. Splane, Kneeland & Splane, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff brings this action as administratrix of the estate of William Holland, a seaman and member of the crew of a fishing vessel owned by defendant. There are allegations of negligence on the part of defendant which is charged in Count I with having caused the death of Holland, and in Count II with having aggravated his illness prior to his death. In addition, plaintiff seeks in Count I to recover damages for the death "under the Merchant Marine Act of 1920 known as the Jones Act, for the violation of all duties owed to the plaintiff's intestate by the defendant, its agents and servants, under all Maritime Law." Similarly in Count II she seeks to recover for pain and suffering "under both the Merchant Marine Act of 1920 and the General Maritime Law, for the violation of all duties owed to the plaintiff's intestate under all applicable Maritime Law."

It appears that by the use of this language plaintiff wishes to assert, in addition to her claims based on negligence, claims for death and conscious suffering based solely on the unseaworthiness of the vessel, without any showing of negligence. Defendant moves to dismiss on the ground that, as to Count I, recovery for death under the Jones Act, 46 U.S.C.A. § 688 must be based upon the negligence of the defendant, and, as to Count II, on the ground that a claim for personal injury based solely on unseaworthiness without proof of negligence, does not survive the death of the person injured.

The motion to dismiss, as such, must be denied since each count clearly contains sufficient allegation of negligence to state a claim for recovery under the Jones Act. But if defendant is correct in its contentions, then the quoted references in the complaint to defendant's duties under the general maritime law must be stricken.

Prior to the enactment of the Jones Act there could be no recovery under the general maritime law for the death of a seaman whether due to negligence or to the unseaworthiness of the vessel. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358. The cause of action for the death of a seaman created by the Jones Act has consistently been interpreted to permit recovery only for death caused by negligence. It is true that in an action under the Jones Act a seaman may recover for personal injuries either on the ground of negligence or on the ground of unseaworthiness. The right to recover for personal injuries caused by unseaworthiness was, however, a right in existence under general maritime law before the Jones Act, which gave the seamen the election to

recover damages in an action at law as well as in a suit in admiralty. No such election was given with respect to actions for death, since there was no previously existing right to recover for death. On this basis the Supreme Court has held that "the right of action given the personal representative by the second clause of section 33 to recover damages for the seaman's death when caused by negligence, for and on behalf of designated beneficiaries, is necessarily exclusive and precludes the right of recovery of indemnity for his death by reason of unseaworthiness of the vessel, * * *." Lindgren v. United States, 281 U.S. 38, 48, 50 S.Ct. 207, 211, 74 L.Ed. 686.

■ Plaintiff's contentions are based on the fact that the Jones Act makes applicable to death actions brought under it the statutes regulating death actions in the case of railway employees. Under the Federal Employers' Liability Act, §§ 1–10, 45 U.S.C.A. §§ 51–60, the action is basically one for negligence, yet recovery may be had for death resulting from violation of the absolute duties imposed by the Safety Appliance Acts, 45 U.S.C.A. §§ 1–46, without any showing of negligence. Hence, plaintiff argues, it should similarly be possible to recover for the death of a seaman due to unseaworthiness, since the duty imposed by maritime law to furnish a seaworthy vessel is analogous to the duty imposed on a railroad by statute to furnish safe appliances.

Plaintiff's argument is a novel one, intended to upset an interpretation of the Jones Act which has prevailed from its enactment in 1920, or, at least, since the decision in the Lindgren case, supra, in 1929. No case is cited which accepts the argument, and only in which it was advanced but not passed upon by the court. Turcich v. Liberty Corp., 3 Cir., 217 F. 2d 495. Moreover, there are distinct differences between the two sets of duties

which plaintiff seeks to compare. The Safety Appliance Act sets forth precise standards of safety which must be met by specific pieces of railroad equipment. It is part of a general statutory scheme, to which the Federal Employers' Liability Act also belongs, to provide for the welfare of railroad workers. Indeed the provisions of that latter act contain express language indicating an understanding that actions could be brought under it based upon violations of the Safety Appliance Act. See 45 U.S.C.A. §§ 53 and 54. The duty to provide a seaworthy vessel, on, the other hand, is a broad one covering the whole vessel and its equipment, and lacking the precise standards of the Safety Appliance Act. Nothing in the language of the Jones Act indicates an intention to create a cause of action for death based solely on unseaworthiness. Instead, as the Lindgren case, supra, points out, the wording indicates that Congress was aware of the fact that no right of recovery for death existed in maritime law and by creating a right based on negligence it excluded any recovery based on other grounds. Plaintiff's argument is not convincing that the long-accepted interpretation of the Jones Act should now be set aside.

■■ As to Count II, under general maritime law a right of action *in personam* to recover for personal injuries did not survive the death of the person injured. Cortes v. Baltimore Insular Lines, Inc., 287 U.S. 367, 371, 53 S. Ct. 173, 77 L.Ed. 368; Decker v. Moore-McCormack Lines, Inc., D.C., 91 F.Supp. 560, 561.[1] While the Jones Act by incorporating the survival section of the Federal Employers' Liability Act, 45 U. S.C.A. § 59, provides for the survival of a cause of action for personal injuries based on negligence, it makes no provision for the survival of such a cause of action based solely on unseaworthiness.

---

1. However, a suit *in rem* in admiralty for personal injuries survives the death of the libelant. The Lafayette, 2 Cir., 269 F. 917, 927; The Ticeline, D.C., 208 F. 670.

 Plaintiff contends that the Massachusetts statute, G.L.(Ter.Ed.) Ch. 228, § 1(2), providing for the survival of actions of tort for damage to the person is applicable here. While the injury complained of in Count II is a maritime tort and therefore governed primarily by maritime law, in many similar cases state statutes have been held applicable as supplementing the general maritime law. State law, of course, is inapplicable when it conflicts with the policy of the maritime law, Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, or where an act of Congress has superseded state laws. Lindgren v. United States, supra, 281 U.S. at page 46, 50 S.Ct. at page 211. Prior to the enactment of the Jones Act, when neither the maritime law nor federal legislation provided any action for the death of a seaman, it was held that recovery could be had in cases falling within the scope of state death statutes. Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210. More closely related to the issues in the present case is the decision in Just v. Chambers, 312 U.S. 383, 668, 61 S.Ct. 687, 85 L.Ed. 903, in which it was held that although under maritime law a cause of action for personal injuries did not survive the death of the tortfeasor, the admiralty courts would nevertheless, in a case where the injury occurred in the territorial waters of Florida, recognize and enforce a Florida statute providing for survival of such actions. Here the injury is alleged to have occurred aboard a fishing vessel at sea, hence, presumably on the high seas rather than in Massachusetts territorial waters. Defendant, however, is alleged to be a Massachusetts corporation, hence, Massachusetts law would still be applicable. The Hamilton, 207 U.S. 398, 404, 405, 28 S.Ct. 133, 52 L.Ed. 264. Consequently, the Massachusetts statute appears effective in this case to bring about a survival of the seaman's right under maritime law to recover for personal injury caused by the unseaworthiness of the vessel.

In Count I the words in the fifth paragraph "for the violation of all duties owed to the plaintiff's intestate by the defendant, its agents and servants, under all Maritime Law" are stricken from the complaint.

The motion to dismiss is denied.