Reva McLAUGHLIN, individually and as Administratrix of the Estate of Clarence R. McLaughlin, deceased, and Diane Sherry McLaughlin, an infant by Reva McLaughlin, her Guardian ad Litem, Plaintiffs,

v.

BLIDBERG ROTHCHILD COMPANY, Inc., and States Marine Corporation of Delaware, Defendants.

United States District Court
S. D. New York.
Nov. 12, 1958.

See also, 163 F.Supp. 33.

Marvin Schwartz, New York City, for plaintiffs.

Dougherty, Ryan & Mahoney, New York City, for defendant Blidberg Rothchild Co., Inc.

Hill, Betts & Nash, New York City, for impleaded defendant States Marine Corp. of Delaware.

BICKS, District Judge.

On August 29, 1956, Clarence R. McLaughlin, a seaman aboard the S.S. "Northport", a vessel owned, controlled and managed by defendant-respondent Blidberg Rothchild Company, a Delaware corporation, sustained severe injuries which resulted in his death. He left him surviving a wife and infant child.

Based on this unfortunate occurrence the survivors instituted a civil action and a suit in admiralty. This simple set of operative facts has been fragmentized into seven "causes of action". The first "cause of action" in the complaint is for wrongful death under the Jones Act (46 U.S.C.A. § 688); the second, for wrongful death under the general maritime law and the third, for conscious pain and suffering based on both the Jones Act and the general maritime law. As in the complaint, the first "cause of action" pleaded in the libel is for wrongful death under the Jones Act. The second is founded upon the general maritime law and the Death on the High Seas Act (46 U.S.C.A. § 761 et seq.); the third and fourth are for conscious pain and suffering based on negligence and unseaworthiness, respectively.

Blidberg Rothchild has moved to dismiss the causes of action founded upon unseaworthiness on the grounds that (i) a suit for wrongful death based on unseaworthiness does not lie and (ii) a claim for pain and suffering founded on unseaworthiness abates with the death of the injured party.

■■ It is firmly established that, in the absence of statute, there is no remedy for wrongful death under the general maritime law. See Kernan v. American Dredging Co., 1957, 355 U.S. 426, 78 S. Ct. 394, 2 L.Ed.2d 382; Lindgren v. United States, 1929, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358. The "cause of action" set out in the complaint founded solely on the general maritime law fails, therefore, to plead a claim upon which relief can be granted. Nor is the seaman's claim for conscious pain and suffering enforceable, lacking legislative enactment, by his representative after his death. Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368. The Jones Act provides a remedy for such claims when they are based upon negligence. There is no federal statute extending a similar remedy when the gravamen of the cause is an injury due to unseaworthiness.[1] Plaintiffs-libellants urge, however, that they may avail themselves of the law of the state of incorporation of the defendant-respondent, to wit, Delaware. Title 10, § 3701 of the Delaware Code provides:

> "All causes of action * * * shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued * * *"

If under the Delaware law the cause of action for pain and suffering survived then admiralty will respect that right. See Kernan v. American Dredging Co., supra; Skiriotes v. State of Florida, 1941, 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed.

1193; The Hamilton, 1907, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264; Holland v. Steag, Inc., D.C.Mass.1956, 143 F. Supp. 203.

■ It is reasonably inferrable that the claim set out in the second "cause of action" in the libel, based on the Death on the High Seas Act, is predicated on unseaworthiness alone. Insofar as here material the Act provides "whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas * * * the personal representative of the decedent may maintain a suit for damages * * * in admiralty * * *." Unless a breach of the warranty of seaworthiness is encompassed within the phrase "wrongful act, neglect, or default" libellants cannot be afforded relief on the claim founded upon this statute. Respondent cites us to Gilmore & Black, Law of Admiralty, page 315 (1957) wherein they state that relief under the Act will be denied absent a showing of negligence. Inferentially, at least, it appears that their view is that "wrongful act, neglect, or default" may be equated only with negligence. Skovgaard v. The M/V Tungus, 3 Cir., 1957, 252 F.2d 14, certiorari granted 1958, 357 U.S. 903, 78 S.Ct. 1146, 2 L.Ed.2d 1154, and Halecki v. United New York & New Jersey Sandy Hook Pilots Ass'n, 2 Cir., 1958, 251 F.2d 708, certiorari granted 1958, 357 U.S. 903, 78 S.Ct. 1149, 2 L.Ed. 2d 1154, decided after publication of that learned work, reflect development of a contrary trend. In Skovgaard, supra, the Court of Appeals for the Third Circuit construed a New Jersey statute, N.J.S.A. 2A:31-1 creating a liability for death "caused by a wrongful act, neglect or default", as not limited to the conduct embraced in the historical concept of negligence. [252 F.2d 16.] "The words encompass something more". The Court observed that "characterization of unseaworthiness as liability without fault is dangerously deceptive * * *. If

---

1. In Tetterton v. Arctic Tankers, D.C. E.D.Pa.1953, 116 F.Supp. 429 the court, without discussion, permitted recovery for pain and suffering under the Death on the High Seas Act. The holding does not seem to have been followed in subsequent cases. See Gilmore & Black, Law of Admiralty, page 308 (1957).

'fault' means negligence alone, of course no fault is required, and to that extent only, the phrase 'liability without fault' is accurate. But to say that one who breaches a duty is without fault is a logical as well as a legal incongruity." Infringement of a seaman's legal right to a seaworthy ship which eventuates in harm, constituted a "wrongful act". The Court of Appeals for this Circuit in Halecki, supra, concurred in the views enunciated by the Third Circuit. The reasoning which supports the construction of the New Jersey statute warrants a like construction of the almost identical phrase in the Death on the High Seas Act.

Motion granted to extent of dismissing the second cause of action in the civil suit—in all other respects denied.