ALANSON B. BULLOCK *vs.* JANE E. BULLOCK.

Norfolk.   January 24.— 25, 1877.   MORTON & ENDICOTT, JJ., absent.

A person against whom a divorce has been obtained for adultery in another state, by the law of which, in such a case, both parties may marry again, may contract a valid marriage in this Commonwealth, without obtaining the leave of court provided for by the Gen. Sts. c. 107, § 26, and the St. of 1864, c. 216.

LIBEL on the Gen. Sts. *c.* 107, § 4, for a sentence of nullity of marriage, setting forth that the ceremony of marriage was performed between the libellant and libellee in this Commonwealth on January 25, 1873, and that the marriage was void, because the libellee on August 5, 1857, had been married to Daniel Lewis, of New London, Connecticut, and that Lewis at a Superior Court, held in and for the county of New London in December, 1864, had been divorced from the libellee for the cause of adultery.

At the hearing, before *Endicott*, J., the record of the court in Connecticut was introduced in evidence, by which it appeared that the divorce was granted for the cause alleged. The libellee admitted that, prior to the commencement by Lewis of his suit for divorce, she removed from Connecticut and had resided ever since in this Commonwealth.

The libellant, admitting that, by the law of Connecticut, the libellee, upon regaining her residence in Connecticut, might lawfully marry there, contended that, under the Gen. Sts. *c.* 107, § 26, and the St. of 1864, *c.* 216, the libellee, having her domicil in Massachusetts, was disabled to contract marriage again in this Commonwealth, without being authorized by this court, and that the marriage, having been contracted without such authority, was null and void. The judge ruled otherwise; and the libellant alleged exceptions.

*E. Ames & T. E. Grover*, for the libellant.

*T. L. Wakefield*, for the libellee, was not called upon.

GRAY, C. J. At the time of the divorce obtained against the libellee by her first husband in Connecticut, for her adultery, he appears to have been domiciled in Connecticut, and is not shown to have removed into that state for the purpose of procuring a divorce. The court of that state therefore had jurisdiction of the cause and of both the parties, and its decree dissolved the bond of matrimony absolutely and everywhere, even if the adultery was committed out of Connecticut, of which there is no evidence. Gen. Sts. *c.* 107, § 55. *Burlen* v. *Shannon*, 115 Mass. 438, and cases there cited.

The libellee, being thus divorced from the bond of matrimony, was free to marry again, unless restrained by local statute. The law of Connecticut did not so restrain her. Rev. Sts. of **Conn.**

1849, tit. 7, *c.* 2, § 11. Gen. Sts. of Conn. 1866, tit. 13, *c.* 3, § 33. Gen. Sts. of Conn. 1875, tit. 14, *c.* 3, § 2. And the restriction imposed by our statute applies only to divorces granted in this Commonwealth. Gen. Sts. *c.* 107, § 25. *Clark* v. *Clark*, 8 Cush. 385. *Commonwealth* v. *Lane*, 113 Mass. 458, 462, 465, 471. The provisions of the Gen. Sts. *c.* 107, § 26, and of the St. of 1864, *c.* 216, authorizing this court to grant leave to any person to marry again, against whom a divorce has been obtained under the laws either of this or of another state, and who at the time of such divorce resided in this state, are enabling and not restrictive, and do not make such leave necessary to be granted to a person who is at full liberty to marry without it.

The marriage of the libellee with the libellant in this Commonwealth was therefore valid, and his libel to annul it cannot be sustained. *Exceptions overruled.*