Edward D. Moore, an Infant, by Guardian, etc., Respondent, *v.* Joseph Hegeman, Executor and Trustee, etc., Appellant.

The wife of M., a resident of this State, procured a divorce from him on account of his adultery; the judgment forbade him from marrying again. He thereafter went into the State of New Jersey, and there married during the life of his first wife, returning with his second wife to this State, and continuing to reside here. The statute law of New Jersey declares that " all marriages, where either of the parties shall have a former husband or wife living at the time of such marriage, shall be invalid, * * * and the issue thereof shall be illegitimate." In an action to test the right of plaintiff, a son born of the second marriage, to inherit, as the lawful heir of M., *held*, that at the time of the second marriage the latter had no former wife living within the meaning of said statute ; that the laws of this State and the provision of the judgment prohibiting marriage had no effect, and M. had a right to marry in another State whose laws did not prohibit a second marriage by one divorced ; and that plaintiff was legitimate and so entitled to inherit.

Also *held*, that as there were statutory provisions on the subject, there was no presumption that the rule of the common law still existed in New Jersey; that the statute superseded and took the place of such rule.

The distinction between the New Jersey statutes upon this subject and those of this State pointed out.

*Cropsey* v. *Ogden* (11 N. Y. 234), distinguished.

After the dissolution of the first marriage M. and his first wife were again married, but in an action brought by her it was adjudged that the second marriage was prohibited by the statutes of this State, and was void ; after the entry of this judgment the marriage in New Jersey took place. It was urged here that such re-marriage was valid. *Held*, that the judgment not having been reversed, and having been made by a competent court having jurisdiction of the parties and the subject-matter, was conclusive.

As to whether after a judgment of divorce on the ground of the adultery of one of the parties, and the consequent prohibition against another marriage by the guilty party, a second marriage of the parties in this State will be valid, *quære*.

(Argued April 26, 1883; decided June 5, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 8, 1882, which affirmed a judgment in favor

of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 27 Hun, 68.)

The nature of the action and the material facts are stated in the opinion.

*Frederic R. Coudert,* for guardian *ad litem,* appellant. Austin D. Moore, Jr., was at liberty to marry his former wife after the decree. (*Van Voorhis* v. *Brintnall,* 86 N. Y. 25.) The wife being the injured party, and the judgment being rendered in her favor, she could waive the benefit of it, except in so far as it prevented the delinquent husband from marrying any person other than herself. (*Williamson* v. *Williamson,* 1 Johns. Ch. 491; Poynter on Marriage and Divorce, 170, note *d; People* v. *Hovey,* 5 Barb. 117.) The marriage, or alleged marriage, between Austin D. Moore, Jr., and Carrie Maynard, in New Jersey, was void. (R. S. [Edm. ed.], art. 3, tit. 1, pt. 2, chap. 8, § 20, p. 147; *Cropsey* v. *Ogden,* 11 N. Y. 233, 234; 2 R. S. [Edm. ed.], tit. 1, pt. 2, chap. 8, § 5, p. 144; *Van Voorhis* v. *Brintnall,* 86 N. Y. 25; *Smith* v. *Woodruff,* 44 Barb. 198; 2 Bishop on Marriage and Divorce, § 727; *Williamson* v. *Parisien,* 1 Johns. Ch. 393; *Fenton* v. *Reed,* 4 Johns. 52; *People* v. *Hovey,* 5 Barb. 117.) The common law is particularly to be considered here, as New Jersey has clung with great fidelity and consistency to the common-law rules, and even where we find a statute upon a given subject, that was theretofore exclusively governed by the common law, the latter is still very important as a measure and test. (Poynter on Marriage and Divorce, 9, 182, note 1 and appendix 2; Bishop on Marriage and Divorce, § 727; *Colvin* v. *Colvin,* 2 Paige's Ch. 385.)

*Henry M. Whitehead* for appellants. The whole, or a material part of the marriage contract, was made in the State of New York, and therefore void. (R. S., title 1, part 2, chap. 8, § 1; 2 R. S. [Edm. ed.] 144.) The marriage of Austin D. Moore and Carrie Maynard, viewed as a contract in the State of New Jersey, was unlawful and void under the statute

of that State. (*Cropsey* v. *Ogden*, 11 N. Y. 228.) The courts of this State will not entertain an action in furtherance of, or based upon a contract in direct violation of the statute law of the State and the decree of the court in which the action is brought, although the contract was made in a State where it was lawful. (2 Kent's Com. 457; Story on Confl. of Laws, § 244; *Varnum* v. *Camp*, 1 Green, 326; *Watson* v. *Murray*, 8 N. J. Eq. 257.)

*William C. De Witt* for respondent. A judgment of absolute divorce for adultery dissolves and extinguishes the marriage relation altogether. (*People* v. *Hovey*, 5 Barb. 117; *Cropsey* v. *Ogden*, 11 N. Y. 232; *Kade* v. *Leonber*, 16 Abb. Pr. [N. S.] 288; *Dickson* v. *Dickson*, 1 Yerg. 110.) The statute and decree prohibiting the marriage of the inculpated party during the life-time of the successful party thereto is not a qualification or limitation upon the divorce, but is in the nature of a distinct penalty or prohibition. (*Van Voorhis* v. *Brintnall*, 86 N. Y. 18, 28; *Thorp* v. *Thorp*, 90 id. 602.) The laws of New Jersey did not interdict the marriage of the plaintiff's father and mother. (Revision of New Jersey Statutes [1877], 215.) The New Jersey statute had in view another wife clothed with all her marital rights. (*Vandegrift* v. *Vandegrift*, 3 Stewart [N. J.], 76; *Zule* v. *Zule*, 1 Saxton [N. J.], 96.) The word "former" was not used in the statute in the pluperfect sense, denoting a person who had formerly been a wife or husband, although not presently such, but referred to a legal existing husband or wife by virtue of a former marriage. (*Dickson* v. *Dickson*, 1 Yerg. [Tenn.] 110; 2 Bishop on Marriage and Divorce, § 701.)

MILLER, J. This action was brought for the purpose of determining whether plaintiff is the lawful issue of Austin D. Moore, Jr., deceased, and as such is entitled to a share in the estate of his grandfather, the testator, now in the hands of the defendant, Joseph Hegeman, as executor of said estate.

The right of the plaintiff depends upon the validity of the mar-

riage entered into by his father and mother on the 17th day of November, 1877, at Jersey City in the State of New Jersey. Prior to that time and on the 21st of November, 1,871, the plaintiff's father was married to one Elizabeth Rowe, who, on the 8th day of November, 1875, obtained a divorce from him on the ground of adultery. On the 9th of December, 1876, the same parties were, in form, remarried, and shortly after and on the 26th day of June, 1877, in an action for divorce commenced by Elizabeth, it was adjudged that the second ceremony of marriage was wholly void on the ground that such attempted marriage was prohibited and made void under the statutes of the State of New York. The judgment in the first action for divorce prohibited the plaintiff's father from marrying again during the life-time of Elizabeth Rowe.

The main question which is presented upon this appeal is, whether the marriage in New Jersey was legal and valid so as to authorize the plaintiff to claim as a lawful heir of his deceased father. In *Van Voorhis* v. *Brintnall* (86 N. Y. 18; 40 Am. Rep. 505), it is held that the validity of a marriage contract is to be determined by the law of the State where it was entered into ; if valid there, it is to be recognized as such in the courts of this State, unless contrary to the prohibitions of natural law or the express prohibitions of a statute. In the case cited a divorce had been granted to the wife on the ground of the husband's adultery, and it was decreed that it should not be lawful for him to marry again until after her death. He afterward and during her life married again in the State of Connecticut. By the laws of that State the marriage was valid, and the decision in the case cited holds that the marriage being valid by the laws of Connecticut, a child born from such marriage is legitimate and entitled to inherit. This case was followed by the case of *Thorp* v. *Thorp* (90 N. Y. 602), where the same rule is upheld. (See, also *Cropsey* v. *Ogden*, 11 N. Y. 232; *Dickson* v. *Dickson*, 1 Yerg. 110.) The statute and decree prohibiting the marriage of the guilty party can have no effect beyond the territorial limits of this State. Where the laws of another State do not prohibit such marriage by a

party divorced its validity cannot be questioned in this State. The first inquiry which arises in this case is, whether the marriage of Austin D. Moore, Jr., which took place in New Jersey, was valid according to the laws of that State. The statutes of New Jersey relating to divorces contain the following provision : " Divorces from the bonds of matrimony shall be decreed when either of the parties had another wife or husband living at the time of such second or other marriage; and that all marriages where either of the parties shall have a former husband or wife living at the time of such marriage shall be invalid from the beginning and absolutely void, and the issue thereof shall be deemed to be illegitimate and subject to all the legal disabilities of such issue." This statute provides for the dissolution of the marriage where another husband or wife is living at the time of the second or other marriage, and that such marriage shall be void and the issue thereof illegitimate. It has particular reference to divorces granted by the courts. It speaks of "another" husband or wife, and subsequently in the same sentence of a "former" husband or wife. The word "former" was evidently intended to relate to the language that preceded it in the same section and not to extend beyond that; it is in fact as used synonymous with the word "another." The legislature intended to distinguish between a legal wife or husband and a person claiming to be a subsequent wife or husband, whose marriage was in contravention of law, and the expression was employed to discriminate between the lawful wife or husband and a wife or husband who had subsequently and illegally married. It is very clear that the statute cited had in contemplation a wife or husband who had not been divorced and who was invested with all the marital rights conferred by a lawful marriage. This construction is fully supported by the decisions in the courts of the State of New Jersey.

In *Vandegrift* v. *Vandegrift* (3 Stewart [N. J.], 76), the plaintiff asked for a divorce upon the ground that his wife had a " former " husband living at the time of their marriage from whom she had not been divorced. The word " former " was con-

sidered as applying to such husband. (See *Zule* v. *Zule*, 1 Saxton [N. J.], 96, and *Dickson* v. *Dickson*, 1 Yerg. [Tenn.] 110.)

If the marriage of Austin D. Moore, Jr., with Elizabeth Rowe was dissolved then he had no former wife living at the time of his marriage in New Jersey, and no provision of the statutes of that State was violated. Elizabeth Rowe, the first wife, was freed from the marital relations and had a perfect right to marry anywhere and the husband had a right to marry in any other State where such a marriage was not prohibited by law. The interpretation we have placed upon this statute is also supported by the statutes of New Jersey in regard to bigamy, which declare as follows : " If any person being married, or who hereafter shall marry any person, the former husband or wife being alive, then the person so offending shall be deemed guilty of a high misdemeanor and on conviction thereof shall be punished by   *   *   *.  But neither this act nor any thing therein contained shall extend to any person *   *   *  who is or shall be at the time of such marriage divorced by the sentence or decree of any authority or court having cognizance thereof, nor to any person where the former marriage hath been, or shall be, by the sentence or decree of any such authority or court, declared to be void and of no effect."

This statute, while using the words " former husband or wife," expressly exempts such a marriage as the one under consideration from the inhibition contained in the statute. It may also be remarked that the effect of the construction contended for by the appellant would be to prevent marriages, by the innocent parties, in many cases where divorces have been granted for legal causes. Without enumerating the different cases where such an interpretation would render the marriage unlawful, it is sufficient to say that it would have prevented the lawful marriage in the State of New Jersey of the wife of Austin D. Moore, Jr., who had obtained a divorce from her husband on the ground of adultery, and this clearly could never have been intended by the legislature. The counsel for the appellants further claims that at common law the marriage

which is now claimed to be valid would be null and void, and that inasmuch as the State of New Jersey has with great fidelity and consistency adhered to and followed common-law rules, and its legislature has enacted a statute upon the subject, it is very important to consider the common law as it previously existed, in the interpretation of the statute. The object of a statutory enactment is sometimes to change the common-law rule, and where that is the case such rule is not a proper subject of consideration in the interpretation of the statute, and it cannot be said in this case that the common law is presumed to exist, for there is no absence of statutory provision on the subject. As the statute has superseded and taken the place of such rule and established another and a different one, it should be considered in accordance with its intention and the purpose which it was designed to accomplish.

The appellant's counsel insists that the same language which is contained in the statutes of New Jersey (*supra*) is used in this State in 2 Revised Statutes, 147, § 20, which provides that a marriage contract may be declared void for this among other causes: "That the former husband or wife, or one of the parties was living, and that the marriage with such former husband or wife was still in force." The New Jersey statute which is cited must be considered without regard to the statute of this State. The two statutes are entirely independent of each other, and there is no such similarity in their language as would authorize the same construction to be placed upon each of them. The latter stands by itself and does not contain the word "another," which is employed in the New Jersey statute, and in its construction the same question is not presented. There is, therefore, no analogy between these different statutes which would make the interpretation of the one applicable to the other.

The appellants also rely upon the case of *Cropsey* v. *Ogden* (11 N. Y. 234), which involved the construction of the statute prohibiting certain marriages in this State. The statute referred to provides that "No second or other subsequent marriage shall be contracted by any person during the life-time of

any former husband or wife of such person." We are unable to perceive how the decision of the court in this case can affect the construction to be given to the statute of the State of New Jersey, which is entirely different in its language from the statute which was the subject of consideration in the case cited, and hence we think it is not applicable. It may also be remarked that the case of *Van Voorhis* v. *Brintnall* (*supra*) is not, we think, inconsistent with *Cropsey* v. *Ogden*.

It is also urged that the second marriage of Austin D. Moore, Jr., to Elizabeth Rowe was a valid marriage, and that the prohibition contained in the decree obtained against him applied only to marriages with persons other than the complainant, and that section 1761 of the Code of Civil Procedure does not prevent the remarriage of the parties to the action. The argument of the learned counsel is that neither the statute nor public policy prevents a remarriage between parties who have been divorced upon the ground of adultery, even although the inculpated party is prohibited from marrying again. Whether the innocent party, who has the right to marry again, can resume the marriage relation with the husband from whom she has been divorced, who is prohibited from marrying again, and such marriage be legal and valid, presents a serious question which has not been decided in the courts of this State. In *Colvin* v. *Colvin* (2 Paige's Ch. 385), where the decree of divorce was set aside upon the consent and application of the parties, the chancellor expressed an opinion that the decree should be set aside before the reunion of the parties. The question presented did not arise, and the remarks of the chancellor were a mere *dictum*, which cannot be regarded as a controlling authority. The point, therefore, remains undetermined and is open for consideration when it shall properly arise. It is not presented in this case, for it appears, as we have seen, that in this action for divorce between the parties it was adjudged that the second marriage was void by reason of the prohibition of the statute and of the decree made by a competent court, having jurisdiction of the parties and of the subject-matter, and that this decree was in full force at the time Moore married Carrie

Maynard, and the decree not having been reversed, as the case stands, there was no valid second marriage between Moore and his former wife Elizabeth Rowe.

We are, therefore, in view of the facts, not called upon to decide the question whether a party who is divorced on the ground of adultery can marry his former wife. There is no force in the position that the marriage contract between Austin D. Moore, Jr., and Carrie Maynard was made in the State of New York. The agreement of the parties to marry, made within the State of New York, was not of itself sufficient to establish a valid contract of marriage. The ceremony which was performed in the State of New Jersey was the marriage contract between the parties, and the declarations of the parties which preceded it cannot be considered in this case as a legal marriage. This was the interpretation placed upon it by the parties themselves by their subsequent action in causing the marriage ceremony to be performed between them, and in law this constituted the contract of marriage.

The judgment should be affirmed.

All concur.

Judgment affirmed.