THIRD DEPARTMENT, NOVEMBER, 1932.

In the Matter of the Claim of LULU BROOKS, Respondent, against OWEN P. WILLIAMS CONSTRUCTION COMPANY, INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Rhodes, J. (dissenting). The Industrial Board has found that claimant is the widow of the deceased employee; that " a common-law relationship, by express agreement, was entered into between Lulu Brooks and Roy Brooks in Arnett, Pennsylvania." The only evidence to support this finding is the testimony of the claimant, who said: " We just went up there and spent the holidays at my aunt's and we just agreed to go back to Corning and live together. Q. What was the reason there was no marriage ceremony performed? A. Well, I don't know — we did not do it, that is all. We did not go in Pennsylvania before a minister." By the law of New York this agreement was not a contract in præsenti but was a promise in futuro, and did not constitute a marriage. (See Moore v. Hegeman, 92 N. Y. 521, 529.) The law of New York is applied in the absence of proof as to the law of Pennsylvania. (Savage v. O' Neil, 44 N. Y. 298.) It is true that after making the agreement the parties returned to New York and there began living together as husband and wife, but claimant was prohibited from marrying by the terms of a decree of divorce previously rendered against her in the latter State. She could not, therefore, lawfully marry the decedent in this State. (Cropsey v. Ogden, 11 N. Y. 228; People v. Faber, 92 id. 146; Haviland v. Halstead, 34 id. 643.) There is, therefore, no proof to support the finding that claimant is the widow of decedent. The award should be reversed and the claim dismissed.