In the Matter of the Estate of DELMONT WINKHOUS, Deceased.*

Surrogate's Court, Kings County, December 19, 1935.

*Gazan & Caldwell*, for Laura C. Winkhous, administratrix.

*William Wallace Young*, for the petitioner, George Winkhous father.

*William H. Browne*, special guardian for Beatrice Lorraine Winkhous, infant.

WINGATE, S. The situation disclosed in this application for revocation of letters of administration is extraordinary. The

---

* See, also, 158 Misc. ——.

decedent entered into an alleged common-law marriage with the respondent. One child resulted from this union.

The decedent died from injuries sustained in the course of his employment as a seaman, with the result that a cause of action arose under the Jones Act (U. S. Code, tit. 46, § 688) for a recovery for the loss sustained by his dependents by reason of his death.

The alleged widow petitioned this court for the issuance to her of limited letters of administration for the purpose of prosecuting this action, and they were granted to her on the faith of her allegation of widowhood. It now transpires that she was the wife of another as the result of a ceremonial marriage, and that at all times during the continuance of her relations with the decedent, such earlier marriage was in existence. This fact is frankly admitted by the administratrix, who offers as explanation that the prior marriage was solemnized at a time when she was a minor and that she believed it to be void.

The father of the decedent now applies for revocation of the letters of limited administration heretofore granted, basing his right to this relief on the admitted fact that the present respondent bore no legal relationship whatsoever to the decedent and, therefore, fails of inclusion among the persons entitled to letters of administration as set forth in section 118 of the Surrogate's Court Act.

The respondent counters with the demonstration that under the pertinent Federal statute, the child, although illegitimate, is entitled to a recovery (*Middleton* v. *Luckenbach Steamship Co.*, 70 F. [2d] 326, 330), and as a legal dependent of the deceased is a person entitled to a substantial recovery (*Gulf, Colorado & Santa Fe Ry. Co.* v. *McGinnis*, 228 U. S. 173, 175), and that she, as its mother and natural guardian, is infinitely more interested in an energetic prosecution of the action than the father of the deceased would be, since he is a resident of a western State, having no personal concern for the child or financial interest in the recovery.

If the selection of the administrator lay within the discretion of the court, which it does not (*Matter of Gant*, 142 Misc. 446, 448), there would be much in the contention of the respondent to commend it to consideration, especially since it appears possible, under the reasoning of the *Middleton* case, that the respondent herself may have some right to compensation. The order of preference specified in the statute in respect to the granting of letters is, however, explicit, and must be observed. In the present instance, there is no widow. While there is a child, it is *nullius filius*, so far as the decedent is concerned, and is, therefore, not classifiable as a child under the laws of this State. In any event, it is an infant and,

therefore, incompetent to receive letters. (Surr. Ct. Act, § 94, subd. 1.)

It is further argued that the respondent should receive preference because she is the natural guardian of the child, and it is entitled " to take all the personal estate " under the second paragraph of section 118, since the only money or property which will come into the hands of an administrator will be the recovery for the death. The basis of this position contains two fallacies: *First*, the only " guardian " within the contemplation of that provision of section 118 is " a guardian of an infant's person or property, or both, appointed by the Surrogate's Court or the Supreme Court " (Surr. Ct. Act, § 314, subd. 13); *second*, this infant is not entitled under existing Statutes of Distribution to take any part of the personal estate of this decedent. Under the Federal statute as construed, it is entitled to receive a recovery for the loss which it has suffered by reason of the death of its father, but this is not part of the personal estate of the decedent, was not in existence during his lifetime, and sprang into being only on his death and then directly in favor of the child itself. (*Matter of DeMartino*, 142 Misc. 431, 433; *Matter of Killough*, 148 id. 73, 77, 78; *Matter of Aronowitz*, 151 id. 746, 747.)

Since there are no grandchildren, it follows that the fourth class of individuals enumerated in section 118 is entitled to letters of administration, and the present petitioner complies with this description.

While the present administratrix will feel an entirely natural disappointment at her inability to direct the litigation for the recovery due her child, the court is satisfied that her apprehensions that its rights will be sacrificed are groundless. No attorney worthy of the name would jeopardize his reputation and personal fortune by a deliberate mishandling of the case, and any proposed settlement would be wholly subject to the approval of this court, which in such an extraordinary situation as is here present would assuredly scrutinize all matters connected with the application with especial care.

It follows that the petition for revocation of letters must be granted. A new application on behalf of the father should be submitted promptly. No costs of the present application will be allowed.

Enter decree on notice.