In the Matter of the Estate of DELMONTE WENKHOUS, Also Known as DELMONT WINKHOUS, Deceased.

Surrogate's Court, New York County, March 4, 1936.

*Gazan & Caldwell*, for the petitioning guardian.

*William Wallace Young*, for the cross-petitioner.

*Joseph A. Cox*, for James F. Egan, public administrator.

DELEHANTY, S. Deceased sustained fatal injuries while employed as a seaman. Under the United States statute (commonly referred to as the Jones Act [U. S. Code, tit. 46, § 688]) his dependents may recover for loss due to his death. Some years ago deceased entered into an alliance with a woman already married and as a result a child was born to the couple. Following the death of deceased,

the mother of this child applied in Kings county for letters of administration upon the estate of deceased, and in her petition asserted that she was the widow of deceased. Letters were issued to her, and in due course she initiated an action in her representative capacity to recover damages for the death of deceased. Later an application was made in the Surrogate's Court of Kings county by the father of deceased for a decree revoking the letters theretofore issued and in due course such letters were vacated (*Matter of Winkhous*, 157 Misc. 560).

Following this vacation of the letters of administration, the father of deceased in his home county in Texas submitted to the probate court there a petition for his appointment as administrator of deceased's estate. The petition recites that deceased did not live there, that none of deceased's goods were within the territory of the State of Texas and that deceased had no domicile anywhere in the State. On that petition and in apparent conformity to the law of Texas letters of administration issued to the father of deceased as the nearest relative. The father now makes application in this court for original limited letters of administration so as to permit him to prosecute the action for the death of his son. He attaches copies of the Texas proceedings but bases no claim of right to letters thereon. Admittedly he has already stated upon the record in the Kings county proceeding that he never was a dependent of his son and that he has no right to share in the proceeds of the action. The paramour of deceased went to the Orphans' Court in the State of New Jersey where her child had lived for years and there obtained appointment as guardian of the child. Later she obtained here ancillary letters of guardianship. In her capacity as ancillary guardian (a capacity, it should be noted, wholly different from that asserted in Kings county) she now applies to this court for limited letters of administration. This court has jurisdiction of the matter because the situs of the accident resulting in the death of deceased was in this county and because he died here and because both petition and cross-petition recite deceased's residence in this county.

Under the so-called Jones Act damages are recoverable " for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative." By controlling authority in the Federal courts illegitimate children are held to be included in the phrase " child, or dependent relative." (*Middleton* v. *Luckenbach S. S. Co.*, 70 F. [2d] 326; certiorari refused, 293 U. S. 577.) It follows that the ward for whom the petitioning guardian is now acting is entitled to damages if the death of its male parent was wrongful.

The case is now presented, therefore, of a cross-application for letters made by a person who (assuming that a true estate existed

in which he was entitled to share because the only issue is illegitimate) has a priority of right to letters under section 118 of the Surrogate's Court Act. No property of deceased is alleged to exist. Only the right of action exists. Section 118 of the Surrogate's Court Act defines priority but that priority is granted among " the persons entitled to take or share in the personal property." That preliminary phrase limits the right of all persons who apply for letters. It does not suffice that a person has the relationship stated in the section merely. He must have both the relationship and the right to share before he can establish a right to letters. In the ordinary case the question does not arise. It may be raised, however. For instance, it is now provided by section 87 of the Decedent Estate Law that no distributive share of the estate of a deceased wife will pass to a husband who neglected or refused to provide for her or who had abandoned her. Like prohibition of share in a husband's estate applies to a wife who had abandoned her deceased husband. If a person falling within this exclusion sought letters the status of surviving husband and wife would not suffice alone to establish a right to letters if it were challenged on the ground stated.

Here there is no estate in the true sense. Under the applicable law the proceeds pass to dependent beneficiaries named in the statute, not as assets of a true estate subject to liability for debts, etc., but as compensation for a wrong which coincided with the death of deceased and which inflicted damage upon the beneficiary. The administrator is a mere agency or vehicle for the enforcement of the right of the beneficiary and for the transmittal of the damages to the person entitled thereto. It is apparent on the facts here that only the child of deceased has any interest in the litigation and its outcome unless the court is to take account of the fact that in litigations of this sort the attorney who conducts it will in due course receive compensation out of the recovery. Since the father admits that the net proceeds of the recovery belong to the child of his son his application involves in practical effect merely a claim of right to select the attorney to conduct the litigation. The same element of selection of attorney is involved in the application by the guardian but the guardian truly represents the infant and is the *alter ego* of the infant for the purpose of this proceeding. The court cannot concern itself with the subject of the relative merits of claims of attorneys for opportunities to participate in the recovery. It cannot adopt a rule of discrimination based upon nothing more substantial than the selection of one attorney as against another. The substantive rights of the parties should alone be looked at. Here the only person having any substantive right is the infant and in the person of her guardian the infant is here asking for

letters. In the unusual circumstances here disclosed the proper interpretation of the statute requires a holding that the father of deceased is not a person interested in the estate and so not a person entitled to letters at all. Accordingly letters will issue to the ancillary guardian of the infant.

No inconsistency may be claimed between this determination and that made in the Kings County Surrogate's Court. There the parties were different. The administratrix there was claiming a personal right to letters and asserting a status which she did not possess. Here she appears in a representative capacity. She makes no claim in her own behalf. She is here seeking the right to take the steps necessary to procure for her child the entire benefit of this recovery.

Submit, on notice, decree granting letters to the petitioning guardian.