MAXINE BOURA, Amended to Read MAXINE HASKELL, Also Known as MAXINE BOURA, Plaintiff, *v.* JEROME J. HASKELL, Defendant.

Supreme Court, Special Term, New York County, August 3, 1943.

*Reed, Truslow, Crane & de Give* for plaintiff.

No appearance for defendant.

BENVENGA, J. Motion to modify report of Official Referee, to confirm the report as modified, and to grant plaintiff an interlocutory judgment of annulment.

In June, 1942, plaintiff and defendant were married in the State of Louisiana. They were then and are now residents of the State of New York; they then intended and now intend to continue to reside in this State. Just before the marriage defendant had been divorced for his adultery, the decree of divorce having been obtained in this court. It enjoined defendant from marrying any person other than his former wife without the express permission of the court. Plaintiff, at the time of the marriage, was unaware of the provisions of the decree. In marrying plaintiff, defendant violated its provisions. The marriage has never been consummated.

Concededly, if the marriage had been contracted in this State, it would have been " absolutely void ". (See Domestic Relations Law, §§ 6, 8; *Roth* v. *Roth,* 97 Misc. 136, 139–140.) The

question presented is whether the marriage, having been contracted in Louisiana, is likewise void. In determining the question, the provisions of the pertinent Louisiana statute should be considered. It provides in substance that a marriage contracted in that State is null and void, if contracted " by a party residing and intending to continue to reside in another state or jurisdiction ", provided such marriage would be void " if contracted in such other state or jurisdiction ". (La. Acts of 1914, No. 151, § 2; La. Gen. Stat. [Dart's] §§ 2186–2189 incl.)

The Louisiana statute is part of the Uniform Marriage Evasion Act. (Cf. 9 Uniform Laws Annotated, pp. 480–483.) Its purpose is to modify the common-law rule prevailing in this and other jurisdictions (see cases hereinafter cited), by giving extraterritorial effect to the prohibition contained in statutes similar to section 8 of the Domestic Relations Law (*supra*), which provides that a defendant whose marriage has been dissolved for his adultery may not marry again during the lifetime of his wife, unless the court shall modify the judgment of divorce to allow such marriage after a lapse of three years since the divorce was rendered.

While there appears to be no recorded precedent on the question presented, it would seem that, on principle, the marriage in Louisiana is absolutely void and must be held to be absolutely void in this State.

It is the settled law of this State that section 8 of the Domestic Relations Law, restricting the remarriage of the guilty party in a divorce action, is penal in character; it has no extraterritorial effect. Therefore, the subsequent marriage of the guilty party, during the life of the innocent party, in a sister State, if valid in that State, will be recognized as valid in this State. The underlying principle is that the marriage is to be determined by the law of the place where it was contracted, even though the parties left the State of their domicile for the purpose of evading its laws. Accordingly, if the marriage is valid where it was made, it will be deemed valid everywhere; and, conversely, if it is void where made, it will be deemed void everywhere. (*Van Voorhis* v. *Brintnall*, 86 N. Y. 18; *Moore* v. *Hegeman*, 92 N. Y. 521, 524; *Cunningham* v. *Cunningham*, 206 N. Y. 341, 348, 349, 352; *Fisher* v. *Fisher*, 250 N. Y. 313, 318; *Matter of Hall*, 61 App. Div. 266, 273.)

Therefore, since the parties to the marriage, at the time of the marriage, resided and intended to continue to reside in this State, and since the marriage, if performed in this State, would

have been "absolutely void" under sections 6 and 8 of the Domestic Relations Law, the marriage in Louisiana being void in that State is likewise void in this State (see cases cited *supra*); and the plaintiff, the innocent party to the marriage, is entitled to have the invalidity of the marriage judicially declared. (*Cunningham* v. *Cunningham, supra; Merrick* v. *Merrick,* 266 N. Y. 120; *Mitchell* v. *Mitchell,* 63 Misc. 580, 583, 585.)

Motion granted; submit order, findings of fact and conclusions of law in accordance with this decision.