In the Matter of the Estate of Joseph Kogan, Deceased.

Surrogate's Court, Kings County, December 2, 1952.

*Joseph H. Roes* for Leah Kogan, petitioner.

*Sheldon Kleinfield* for Louis Kogan, objectant.

Rubenstein, S. The claim is made that letters of administration may not be issued to a surviving wife who married intestate knowing that a final judgment of divorce had been previously entered against him in the State of New York.

The facts are not in dispute. Intestate, married to one other than petitioner, was sued in the Supreme Court, Kings County, for absolute divorce on the grounds of his adultery. An interlocutory decree was granted in favor of the plaintiff in the divorce action on July 22, 1947, and became final as of course three months thereafter. On August 12, 1949, petitioner and intestate were married in the State of New Jersey and lived together in the State of New York until his death.

Intestate was forbidden by the provisions of section 8 of the Domestic Relations Law to marry again during the lifetime of the plaintiff in the divorce action unless, after the lapse of three years since the rendition of the decree of divorce, the court modified such decree. However, after the divorce decree became final '' it was wholly within his power to validly marry in any place in the world except the State of New York, since the inhibitions of section 8 of the Domestic Relations Law do not invalidate a marriage beyond its borders. (*Moore* v. *Hegeman*, 92 N. Y. 521, 526; *Thorp* v. *Thorp*, 90 id. 602, 605; *Van Voorhis* v. *Brintnall*, 86 id. 18, 32; *Fisher* v. *Fisher*, 250 id. 313, 318.)'' (*Matter of Sokoloff*, 166 Misc. 403, 406.)

Their marriage being valid, petitioner is intestate's surviving spouse and entitled to share in the distribution of his estate (Decedent Estate Law, § 83). Thus, as the surviving spouse, she is entitled to receive letters of administration of his estate and her right is absolute, except as hereafter noted. Concerning her right, Surrogate WINGATE has said: '' It has repeatedly been determined that the order of priority to letters specified in the statute is mandatory (*Matter of Kelly*, 238 N. Y. 71, 78; *Matter of Campbell*, 123 App. Div. 212, 216; affd. 192 N. Y. 312); that the surrogate has no discretion in this regard (*Matter of Winkhous*, 157 Misc. 560, 561; *Matter of Baumes*, 160 id. 563, 564); and that letters may not be refused to those entitled thereto (*Barrett* v. *Miner*, 119 Misc. 230, 238).'' (*Matter of Reilly*, 165 Misc. 214, 220.)

This being so, it is unnecessary to determine whether petitioner knew of the divorce decree. Assuming *arguendo*, that she not only knew of it but also aided and abetted intestate in circumventing the prohibitions written into it by section 8 of the Domestic Relations Law petitioner nevertheless may not be deprived of her statutory priority to receive letters. The Legislature has specified the sole grounds upon which letters of administration may be withheld from one entitled to receive them (Surrogate's Ct. Act, §§ 94, 95) and the ground now urged

is not one named in the statute. As intestate's surviving spouse she has a legal right which this court, under the guise of exercising equitable powers, may not take from her.

Consequently, other reasons which support and justify the court's conclusion need not be discussed. The objections are dismissed and letters of administration will issue to petitioner upon her qualifying according to law. Proceed accordingly.