■ In the Matter of the Estate of CATHERINE M. FOOTE, Also Known as CATHERINE HERBERT, Deceased. EDWARD GONZALEZ, Appellant; WILLIAM F. FOOTE et al., Respondents.— In a proceeding in the Surrogate's Court, Westchester County, for the issuance of letters of administration to respondent Foote, said respondent alleged that he was the husband of the intestate and that respondent Ida Durkin and the appellant are her children. Appellant served an amended answer containing a cross petition alleging that he was the sole distributee and the only person entitled to letters and demanding that the petition be dismissed and that he be appointed. Pursuant to an order of this court dated December 7, 1955 (*Matter of Foote*, 1 A D 2d 671) and an order of the Surrogate's Court dated January 13, 1956, making that order the order of the Surrogate's Court, the respondents served a reply denying the allegations contained in the defense and cross petition, except the allegations as to the residences of the intestate and the appellant and the death of the intestate. The appeal is from an order precluding appellant from giving any evidence in support of his allegations, as to which he failed to give any particulars demanded, unless he furnished within ten days a supplemental verified bill of particulars with respect to the genealogical facts demonstrating his relationship to the intestate, the events upon which he relies to establish his status as sole distributee, the maiden name of his mother, the name of his father, the place where they were married, where the license, if any, was issued, the name of the officer who issued the license, the name of the person officiating at the ceremony and whether the marriage was pursuant to contract or agreement. Order affirmed, with $10 costs and disbursements. Appellant claims that a child of a marriage is not in the same position as one of the contracting parties to a marriage so far as furnishing details of the marriage is concerned, that he may rely on the presumption of legitimacy, and that it is contrary to public policy to impose on a child the burden of demonstrating his legitimacy. The printed record contains neither the petition nor the

amended answer and cross petition, and facts not in dispute must be gathered from the briefs. From neither the record nor the briefs can we tell whether any of the parties claim that respondent Durkin is a child of both the intestate and of respondent Foote. Conceivably, if the proof shows that respondent Foote was not the intestate's husband and that respondent Durkin is not her child, it will not be necessary to adduce any proof as to appellant's legitimacy (Decedent Estate Law, § 83, subd. 13; Surrogate's Ct. Act, § 118, subds. 1, 2; *Caujolle* v. *Ferrie*, 23 N. Y. 90, 107; *Aalholm* v. *People*, 211 N. Y. 406; *Matter of Anonymous*, 165 Misc. 62). Apparently it may be necessary to determine the validity of two marriages and possibly of three. Conflicting presumptions may be present (See, e.g., *Matter of Pinder*, 271 App. Div. 302). A finding that either respondent Durkin or appellant is the intestate's legitimate child may serve to illegitimize the other. A person seeking letters of administration of an intestate's estate must establish the relationship and priority specified in section 118 of the Surrogate's Court Act and his right to inherit (*Matter of Wenkhous*, 158 Misc. 663). On the facts before us, we cannot say that the order was improper (1A Butler on New York Surrogate Law & Practice, §§ 500–505; cf. *Matter of Weisberg*, 286 App. Div. 849). Our determination does not shift any burden of proof that may be present upon the trial. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.