Harold E. Koreman, S.
This is a proceeding for the appointment of an ancillary administrator in the estate of Dieter K. Danlcerl. The petition is by the brother of the deceased as attorney in fact of the parents of the deceased. The petition alleges that the parents are both residents and citizens of West Germany and that the deceased was, at the time of his death, a resident of Albany County and a citizen of West Germany.
Since the deceased was a resident of this county at the time of his death, the petition for ancillary letters of administration must be denied. Section 160 of the Surrogate’s Court Act provides for the granting of ancillary letters of administration. These may be granted by the Surrogate’s Court having jurisdiction of the estate where there is a decedent who resided at the time of his death without this state, but within the United States * * * or, in cases where the decedent, at the time of his death, resided without the United States”. There is no authority or need to grant ancillary letters of administration in a county where the deceased was a resident at the time of his death, particularly when primary letters have not been issued in any other jurisdiction.
*752 If this proceeding is treated as one for the appointment of an administrator, the application must again be denied. The distributees of the deceased are his mother and father. (Decedent Estate Law, § 83.) Both are aliens and not inhabitants of this State and not, therefore, competent to serve as administrator. (Surrogate’s Ct. Act, § 94, subd. 3.) The petitioner, though a brother of the deceased, is not entitled to take or share in the personal property of the deceased and is not entitled to letters of administration merely because of his relationship. (Surrogate’s Ct. Act, § 118; Matter of Wenkhous, 158 Misc. 663; Matter of Foote, 2 A D 2d 687; Matter of D’Adamo, 212 N. Y. 214.) Nor is he entitled to letters as attorney in fact of the parents of the deceased for they cannot designate him to receive letters for them. (Surrogate’s Ct. Act, § 118; Matter of Kroog, 84 Misc. 676, 683; Matter of Mora, 133 Misc. 254.) The case cited by petitioner, Matter of Taormina (2 A D 2d 711, affd. 2 N Y 2d 878) is not applicable since it involved ancillary letters of administration upon the estate of a nonresident alien.
Petition denied.