**Jeanne DOYLE, Administratrix of the Estate of Samuel Nathaniel Doyle, Deceased, Libelant,**

**v.**

**ALBATROSS TANKER CORP., and Overseas Navigation Corp., Respondents.**

**No. 65 AD. 193.**

United States District Court
S. D. New York.

Sept. 20, 1965.

Rolnick, Ezratty & Huttner, New York City, for libelant, Richard D. Huttner, New York City, of counsel.

Dougherty, Ryan, Mahoney & Pelligrino, New York City, for respondents, Lawrence J. Mahoney, Albert D. Koch, New York City, of counsel.

TENNEY, District Judge.

## MEMORANDUM

■■ This is an action in admiralty seeking damages for the alleged wrongful death of a seaman aboard respondents' vessel, while at sea and more than a marine league from shore. Suit was brought pursuant to the Death on the High Seas Act (46 U.S.C. §§ 761–767 (1958)) [1] by libel filed herein on February 23, 1965. The action is predicated upon a claim of unseaworthiness. A civil action (64 Civ. 3269), based upon the alleged wrongful death of the said seaman, was brought by the libelant herein (as plaintiff), with issue joined on November 20, 1964, and is now pending. No diversity of citizenship is involved. The civil action, alleging negligence and unseaworthiness,[2] was brought pursuant to the Jones Act (46 U.S.C. § 688 (1958)).[3]

The respondents filed exceptions to the libel herein premised on the contention that there is no cause of action for the death of a "seaman" under the Death on the High Seas Act; that the sole remedy is under the Jones Act; and that the prior action on the civil side of this court pursuant to the Jones Act precludes the present action.

Libelant has moved herein to strike respondents' exceptions to the libel.

■ The deceased was employed as chief steward aboard the S.S. ERNA ELIZABETH, an American flag vessel.

---

1. The "Death on the High Seas Act" and the "Jones Act" were passed by the same Congress, the former Act on March 30, 1920, and the latter on June 5, 1920, some two months later. For an interesting account of their legislative history, see Wilson v. Transocean Airlines, 121 F. Supp. 85 (N.D.Calif.1954).

2. No right of action for death due to unseaworthiness exists under the Jones Act. Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L. Ed. 686 (1930); Burns v. Marine Transp. Lines, Inc., 207 F.Supp. 276, 280 (S.D. N.Y.1962). In the absence of statute, there is no remedy for wrongful death under the general maritime law. Kernan v. American Dredging Co., 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958); Lindgren v. United States, supra.

3. See Note 1, supra.

On October 1, 1964, while the vessel was on the high seas and more than a marine league from the shores of the United States, he was shot to death by a fellow crew member. Death was instantaneous. Thereafter, the decedent's widow (libelant herein) was duly appointed Administratrix. Decedent was also survived by an illegitimate child [4] who, with decedent's widow, was dependent upon decedent for their support.

Three questions are presented for answer in the determination of the within motion. Is a "seaman" covered by the provisions of the Death on the High Seas Act? If so, what is the effect of the subsequent passage of the Jones Act upon such coverage? And, finally, does institution of action under the Jones Act bar a subsequent or collateral proceeding under the Death on the High Seas Act?

█ As to the first question, the answer appears quite clear. The language of the Death on the High Seas Act is un-ambiguous, and refers to the death of a "person" on the high seas. Clearly, this would include a "seaman". The subsequent passage of the Jones Act, granting certain rights to "seamen" does not indicate to the contrary.[5] See Matter of Estate of Rademaker, 166 Misc. 201, 206, 2 N.Y.S.2d 309, 314 (Sur.Ct.1938). As stated by Mr. Justice Goldberg: "This statute [46 U.S.C. §§ 761–768] gives an admiralty remedy for wrongful death of a seaman or other person * * *." Gillespie v. United States Steel Corp., 379 U.S. 148, 158, 165, 85 S.Ct. 308, 317, 13 L.Ed.2d 199 (1964).

Respondents next argue that the Jones Act is the sole remedy for a seaman's death, and that it supersedes all other statutes, state and federal. Respondents rely on Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930), and Gillespie v. United States Steel Corp., supra. Respondents concede, as they must, that *Lindgren* and *Gillespie* involved deaths occurring within the territorial waters of a state, and that in neither case was the Court called upon to decide whether the Jones Act, which supersedes the State Wrongful Death Acts, also supersedes the Death on the High Seas Act. The fact that a determination of this issue may have been reserved in *Lindgren*, while furnishing grounds for speculation, has no greater weight than judicial intimations by that Court that, were the question squarely presented, the determination would be contrary to respondents' position. See Kernan v. American Dredging Co., 355 U.S. 426, 430 n. 4, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958).

█ While it may be true that, under the present posture of law, the personal representative of a seaman whose death occurs in territorial waters may recover only on proof of negligence (under the Jones Act) whereas, had the seaman died a short distance away in territorial waters, his representative could have sued both on the grounds of negligence and unseaworthiness (under the Death on the High Seas Act), to hold that the Jones Act supersedes the Death on the High Seas Act and that, regardless of where death occurred, recovery can only be had on proof of negligence, would constitute judicial infringement of legislative prerogatives. The suggested answer is that the Jones Act pre-empted

---

4. An illegitimate child would qualify as a beneficiary under both acts. Middleton v. Luckenbach S. S. Co., 70 F.2d 326, 330 (2d Cir. 1934); Matter of Estate of Wenkhous, 158 Misc. 663, 286 N.Y.S. 518 (Sur.Ct.1936).

5. The following are among the cases in this Circuit where personal representatives of deceased "seamen" have sued and recovered under the Death on the High Seas Act:

Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 96 A.L.R.2d 1085 (2d Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962); Civil v. Waterman S. S. Corp., 217 F.2d 94 (2d Cir. 1954); Middleton v. Luckenbach S. S. Co., Note 4, supra; McLaughlin v. Blidberg Rothchild Co., 167 F.Supp. 714 (S.D. N.Y.1958); Petition of Gulf Oil Corp., 172 F.Supp. 911 (S.D.N.Y.1959).

state remedies for death in territorial waters resulting from negligence but not from unseaworthiness. Gillespie v. United States Steel Corp., supra, 379 U.S. at 161–164, 85 S.Ct. 308, 13 L.Ed.2d 199, dissenting opinion of Mr. Justice Goldberg. But this suggestion does not help respondents. The need to create uniformity in the case of death or injury in territorial waters which existed when the Jones Act was passed did not exist in the case of death on the high seas. If the present condition of the law is anomalous, it has existed without legislative action for many years. Respondents' argument would restrict the remedies available to the representatives of deceased seamen. Criticism of *Lindgren* does not proceed on any such basis. Certainly the lower courts have consistently adopted a position contrary to that taken by respondents.[5] . Accordingly, I hold that the Jones Act did not supersede the Death on the High Seas Act in cases involving the death of a seaman beyond territorial waters.[6]

■ Concededly, the personal representative herein first instituted action herein on the civil side of the court under the provisions of the Jones Act, under which, as heretofore noted (see Note 2, supra), the claim of unseaworthiness in a death case is not available to her. However, this constitutes no bar to the institution of an action in admiralty under the Death on the High Seas Act. The Four Sisters, 75 F.Supp.

399 (D.Mass.1947); Civil v. Waterman S.S. Corp., 217 F.2d 94 (2d Cir. 1954); Batkiewicz v. Seas Shipping Co., 53 F. Supp. 802 (S.D.N.Y.1943); Gilmore & Black, The Law of Admiralty, 304, 305 (1957).

■ Nor did the institution of a civil suit demanding jury trial under the Jones Act constitute such an "election" as would bar the institution of an action in admiralty under the Death on the High Seas Act. Civil v. Waterman S.S. Corp., supra; Balado v. Lykes Bros. S.S. Co., 179 F.2d 943, 945 (2d Cir. 1950); McAfoos v. Canadian Pacific S.S. Ltd., 243 F.2d 270 (2d Cir.), cert. denied, 355 U.S. 823, 78 S.Ct. 32, 2 L.Ed.2d 39 (1957). The possibility that, assuming the beneficiaries entitled to recover under both Acts are the same, an election may ultimately be required, or the further possibility that recovery in one action would bar recovery in the other, are not determinative of the within motion.

■ One further question remains, although not necessarily pertinent to the within motion and not seriously disputed by the parties hereto. May a claim founded on unseaworthiness be prosecuted under the Death on the High Seas Act? It seems clear that an affirmative answer is required.[7]

Libelant's motion to strike respondents' exceptions to the libel is accordingly granted.

So ordered.

---

6. It has been suggested that since a seaman, "being obviously included in the term 'person' was covered, so far as his death from wrongful act on the High Seas was concerned, this coverage in the High Seas Act remained unaffected by the Jones Act, and he was merely accorded additional coverage thereby for his death when this did not occur 'beyond a marine league from the shore' * * *, or where he was merely injured and not killed." Mat-

ter of Estate of Rademaker, supra, 166 Misc. at 208, 2 N.Y.S.2d at 315.

7. See McLaughlin v. Blidberg Rothchild Co., Note 5, supra, and cases cited therein; Chermesino v. Vessel Judith Lee Rose, Inc., 211 F.Supp. 36 (D.Mass.1962), aff'd, 317 F.2d 927 (1st Cir.) (per curiam), cert. denied, 375 U.S. 931, 84 S.Ct. 333, 11 L.Ed.2d 264 (1963); Montgomery v. Goodyear Tire & Rubber Co., 231 F.Supp. 447 (S.D.N.Y.1964).